PETSEL v. CHICAGO, B. & Q. R. CO. et al.
Civ. No. 1–101.

United States District Court
S. D. Iowa, Davenport Division.

Nov. 7, 1951.

D. C. Nolan, Iowa City, Iowa, for plaintiff.

Clark, Pryor, Hale, Plock & Riley, Burlington, Iowa, and Lane & Waterman, Davenport, Iowa, for defendants.

RILEY, District Judge.

This matter comes on to be heard upon plaintiff's motion "To set aside Order of the Court denying Plaintiff Right of Trial by Jury," and the resistance thereto filed by defendant. The court filed herein on October 18, 1951, its memorandum and ruling sustaining the motion of the defendant that this cause be stricken from the list of cases for trial to a jury and the plaintiff has submitted its reasons for vacating the order and ruling of Oct. 18, 1951. Counsel for both parties have ably presented the matter both orally and by written briefs and the court has fully reconsidered the matter in the light of both but finds for the reasons heretofore and hereinafter expressed, that the order of October 18, 1951, should stand.

We direct attention again to the first sentence of Rule 81(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A.: "These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal."

The plain words of this sentence deny to the judge the right by his arbitrary determination to say which rules will apply. Automatically all do. The Congress has so declared. Until the Rules declare otherwise and receive congressional approval, we must and do hold, consistent with Rule 81(c), that "If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, *if his demand therefor is served within 10 days* after the petition for removal is filed if he is the petitioner". If he is not the petitioner, then "within 10 days after service on him of the notice of filing the petition." We must also hold that "If at the time of removal all necessary pleadings" have not been served, then the party, not petitioner, may demand a trial by jury under our Rule 38(b) by serving his *demand* "not later than 10 days *after* the service of the last pleading directed to such issue." (Emphasis ours.)

■ If the action is one commenced in this court then, and only then, "such demand may be indorsed upon a pleading of the party." The indorsement of such a demand under the rules of the State court from which the case is removed is not effective here to excuse the party seeking trial by jury from making the demand required under either Rule 81(c) or 38(b). Both rules prescribe positive action which a party must take in the exercise of his right of trial by jury. If the right has been waived or lost in the State court, for whatever reason, it may be reasserted and regained here. If the right would have existed in the State court nevertheless it may be lost here. To avoid its waiver or loss it must be reasserted as prescribed by our rules, because it is not the State but the federal rules which apply to removed actions "and govern procedure after removal." That means not such part of the rules as the judge may select, but all the federal rules of civil procedure. If Section 81(c) is to have the effect urged by plaintiffs, that is, to make it unnecessary for a demand in this court by a party who had noted such demand on his pleadings in the State court, then we should not accord to one who had waived his right to trial by jury in the State court the right to reassert it after removal. If the State rules control us in

**1008**

the one situation, they should likewise control us in the other. However, they control us in neither situation. Only the federal rules of civil procedure "govern procedure after removal."

■ By these two complementary rules, 38(b) and 81(c), provision is made to guarantee to every party to an action, either brought originally in this court or brought here by removal, his guaranteed right of trial by jury. The exercise of that right however is left to the choice and positive action of the litigant and not to the arbitrary choice of the judge.

■ We do not consider that the discretion permitted to the court by Rule 39 was intended to serve as a device to circumvent or by-pass the plain provisions of Rule 38 (b) and 81(c). To hold otherwise "would, in effect, nullify the rule." Buescher v. Auto Lite Battery Corp., D.C., 11 F.R.D. 514.

We have read the cases cited by counsel, but they do not help to avoid the conclusions stated. Many antedate the change in the rules. In our original memorandum opinion it was stated that we adopted the reasoning of Judge Delehant, District of Nebraska, in Arnold v. Chicago, B. & Q. R. R. Co., D.C., 7 F.R.D. 678, 680, as a basis for our conclusions. This portion of that opinion should be quoted: "It may be added that as a matter of judicial administration judicial indulgence ought rarely to grant a trial by jury in default of a timely request for it. Such laxity is calculated to inspire indifference to the requirements of the rules in their entirety, to countenance tardiness in procedural and trial performance, and ultimately to defeat the avowed purpose of the rules to achieve punctuality in the administration of justice. More immediately, it will inevitably create confusion in trial dockets and accomplish unanticipated and intolerable continuances of trials. The consequences are uninviting."

■ It should be added that this determination is made reluctantly. The writer shares the opinion of counsel expressed in oral argument that cases of this character are peculiarly adapted for trial by jury. It is believed that trial by jury of a patent

suit is undesirable, but what I may believe is of no moment if timely demand for trial by jury is made. It is the right of counsel to see that such trial may be made available by appropriate demand. It is not the fault of the court that the requirements of the rule are not observed. The actual burden on the court in the preparation of the necessary findings and conclusions far exceeds that of the preparation of instructions to a jury. But these factors or others relating to the court's own convenience or desires, do not permit a court to disregard or override and even to nullify the plain requirements of the rules here discussed. They will be followed and an order will be entered denying the motion to set aside the previous order removing this case from the list of cases for trial by jury.