240

## STROM v. ANDERSON et al.
### Civ. No. 5326.

United States District Court
W. D. New York.

May 18, 1953.

————◇————

Rogerson & Hewes, Jamestown, N. Y., J. Russell Rogerson, Jamestown, N. Y., of counsel, for plaintiff.

Bigham, Englar, Jones & Houston, New York City, Arthur E. Otten, Buffalo, N. Y., of counsel, for defendants.

KNIGHT, Chief Judge.

Plaintiff has moved on the pleadings heretofore filed and the affidavit of plaintiff's attorney, verified April 15, 1953 and filed April 16, 1953, for an order allowing and permitting the plaintiff to file a demand for a jury trial of this action and to serve a note of issue stating that such action shall be triable by a jury on the ground that the failure to make timely demand for a jury trial was because said action was commenced in the Supreme Court of the State of New York and transferred by motion of the defendant to this Court and that the plaintiff's attorney was unfamiliar with Rule 38 of the Rules of Civil Procedure, 28 U.S.C.A., requiring that a demand for a jury trial be served.

Rule 38 has been in force since 1938. Many motions by those unfamiliar with the Rules were granted during the early years of its existence. Personally, I should be glad to relieve plaintiff from the consequences of the failure of his attorney seasonably to demand that his action be tried to a jury. My right to grant plaintiff's motion is seriously doubted. Steiger v. Mullaney, D.C., 8 F.R.D. 486. Defendant Anderson has objected to the granting of the motion and has supported his objection by a rather substantial brief. It is made to appear, among other things, that defendant Anderson claims to have lost some of his rights (see the pleadings) through the failure of the plaintiff to make timely demand for a jury trial. Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L. Ed. 520; Ex parte Green, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212. Plaintiff's motion for a jury trial comes too late. Buescher v. Auto Lite Battery Corp., D.C., 11 F.R.D. 514.

The practice in the United States District Courts with respect to removed actions is of long standing and very definite. Rule 81(c). Petsel v. Chicago, B. & Q. R. Co., D.C., 101 F.Supp. 1006. Nothing appears which would cause the Court in its discretion to order a trial by jury as provided in Rule 39(b). The reasons given by plaintiff for the exercise of the Court's discretion are not persuasive. State of Delaware, for use of General Crushed Stone Co. v. Massachusetts Bonding & Ins. Co., D.C., 3 F.R.D. 65; Arnold v. Chicago, B. & Q. R. Co., D.C., 7 F.R.D. 678.

Plaintiff's motion for a jury trial is denied. Prepare and present order accordingly.