## ROGERS v. MONTGOMERY WARD & CO., Inc.

District Court, S. D. New York.
Jan. 18, 1939.

Jenks & Rogers, of New York City, for plaintiff.

Hodges, Reavis, Pantaleoni & Downey, of New York City, for defendant.

HULBERT, District Judge.

The defendant's answer is the last pleading in this case and was served on December 30th, 1938. December 31st, as well as the two succeeding days, were holidays. (See schedule of holidays approved by the President for the calendar year 1938, Circular No. 3194, Department of Justice, Dec. 3, 1938.) This accounts for the fact that the answer was not filed until January 3rd, 1939.

Rule 38(b), Federal Rules Civil Procedure, 28 U.S.C.A. following section 723c, provides that a demand for a trial by jury must be filed not later than ten days after the service of the last pleading. The plaintiff served a demand but not until January 11th, 1939.

The defendant moves for an order directing the Calendar Commissioner to place the above entitled action on the non-jury calendar because the demand for trial by jury was not timely served, and the plaintiff brings on a motion by order to show cause for an order directing a trial by jury.

Rule 6 (b) provides: "When by these rules * * * an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion * * * (2) upon motion permit the act to be done after the expiration of the specified period where the failure to act was the result of excusable neglect."

It is also provided by Rule 39 (b): "* * * but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

The service of the demand for trial by jury by plaintiff on January 11th, 1939, sufficiently indicated that his failure to do so on or before January 9th was not intentional and his neglect is excusable.

The motion for a jury trial will be granted and the motion to place the case on the non-jury calendar is therefore denied.