**BUGGELN & SMITH, Inc., v. STANDARD BRANDS, Inc.**

District Court, S. D. New York.

Feb. 7, 1939.

Fogarty, Ramey & Moynihan, of New York City (Deane Ramey, of New York City, of counsel), for plaintiff.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (Russel S. Coutant, of New York City, of counsel), for defendant.

HULBERT, District Judge.

Plaintiff seeks to file nunc pro tunc a demand for a jury trial.

The action is to recover damages and was commenced November 3, 1938. Issue was joined by the service of an answer on December 31, 1938. It contained no counterclaim and the pleadings were, therefore, closed.

Plaintiff assumed the right to amend as of course within 20 days and defendant appears to have accepted the amended complaint without objection and served its answer there to February 2, 1939.

Under the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the plaintiff may only amend his original pleading as of course within the time which the defendant has to answer. See Rule 15 (a).

Rule 38 (b) provides: "Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party."

The last pleading was the answer served December 31, 1938. Rule 7 (a). No such demand was served or indorsed by either party upon its respective pleading.

The misconception regarding the right to amend as of course and the fact that the Rules are new and no reported case, so far as I have been able to find, has construed this rule (except Rogers v. Montgomery Ward & Co., Inc., D.C., 26 F.Supp. 707, decided by me January 18, 1939), prompts me to regard the motion as an application under Rule 6 (b).

I am satisfied the failure to demand a jury is excusable and the motion will be granted. Settle order.