**ALFRED HOFMANN, Inc., v. TEXTILE MACH. WORKS.**

No. 26.

District Court, E. D. Pennsylvania.

March 20, 1939.

Schnader & Lewis, of Philadelphia, Pa., for plaintiff.

George Wharton Pepper, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

The plaintiff, a New Jersey Corporation, waived its right to a trial by jury by failing to demand it within ten days after the service of the last pleading directed to the fact issue in the case, as required by Rule 38(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Subsequently it filed a demand for a jury trial. The defendant moved to strike the demand from the record, and the questions for decision are whether the Court shall exercise, in favor of the plaintiff, the discretion given it by Rule 6(b) (2) to permit the demand to be filed after the expiration of the specified period with the same effect as though it had been filed within the time, and whether or not the Court under Rule 39(b) shall in its discretion order a trial by jury.

I have no doubt that the failure to demand a jury trial within the specified time was the result of excusable neglect. Unfamiliarity with the new Rules for a month or two after their adoption can be so considered. This, however, does not require the Court to relieve the plaintiff, but leaves it as a discretionary matter.

The plaintiff. is suing for the return of a large sum of money, paid by him to the defendant as the consideration for an agreement involving the settlement of patent litigation between the two and a license to use the defendant's patent. The ground of his claim is that the money was paid under a mistake of fact. The mistake of fact alleged was that the plaintiff believed that "the combination of the Gotham attachment and the Nusbaum attachment had conceptual novelty and required uncommon skill, and that Patent No. 1,713,628 was valid." This is the principal fact issue. It appears from the complaint that the Gotham attachment "consisted of a reversely threaded spindle, on the threads of which were mounted stops moving toward each other when the spindle turned in the opposite direction. These stops controlled the throw of carrier bars with yarn guides which laid a reinforcing yarn at the heel of the stocking. Said spindle was operated automatically in a single direction; but when the reinforcement had been knitted, it was necessary to rotate the spindle by hand in the reverse direction, so that the stops would be restored to their original position for knitting the next stocking."

In spite of the lack of unanimity among the various courts which have had occasion to pass upon the validity of the patent, which may be a ground for the plaintiff's apparent faith that the technical issues involved will be better understood by the average citizen than by a judge, this seems to me to be a conspicuous example of the kind of case which ought not to be tried by a jury.

Motion granted.