**PETERSON v. SOUTHERN PAC. CO. et al.**
**No. 34.**

District Court, S. D. California, S. D.
Jan. 22, 1940.

Louis P. Pink, of Los Angeles, Cal., for plaintiff.

W. I. Gilbert, of Los Angeles, Cal., for defendants.

NETERER, District Judge.

The issue is the right of the plaintiff to demand a jury trial, demand not having been made as provided in Rule 38, U.S. Rule of Civil Procedure, 28 U.S.C.A. following section 723c.

It appears from the files that the attorney for the plaintiff within the time provided by rule did direct his law clerk to serve and file a demand for trial by jury; and that it was not ascertained by plaintiff's attorney until the case was assigned for trial that the demand had not been made.

Rule 39(b), U.S.R. of C.P., provides: "* * * notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

The plaintiff seeks to recover damages for personal injuries claimed to have been sustained by reason of the negligent operation of the defendant's railway train upon which she was a passenger for hire. The amount of damages, if any, is the principal if not, the sole issue, and the Court in the exercise of sound discretion I think should grant this motion and submit the issue for determination to a jury. While Sec. 38(b), F.R.C.P., provides that a demand for a trial by jury must be filed not later than 10 days after the service of the last pleading. It appears from the affidavit of the plaintiff's attorney that he did not intend to waive a jury trial; and that the defendant cannot be prejudiced in any sense by the demand at this time.

The demand for jury trial is granted.