## MacDONALD et al. v. CENTRAL VERMONT RY., Inc.

### Civ. No. 21.

District Court, D. Connecticut.
Jan. 25, 1940.

Forward & Levin, of Hartford, Conn., for plaintiffs.

Alcorn, Mitchell & Alcorn, of Hartford, Conn., for defendant.

HINCKS, District Judge.

The complaint herein charges the defendant with negligence causing injury to the plaintiff. It includes no allegation that the plaintiffs were free from contributory negligence. The defendant has introduced an answer consisting of "four defenses". On hearing the defendant agreed that the so-called "second defense" might be deemed withdrawn. The "third defense" is practically a general denial and requires no attention here. The "first" and "fourth defenses" are predicated upon the contention that the complaint is defective in that it contains no allegation that the plaintiffs were free from contributory negligence; and the validity of these contentions is now before the court on plaintiffs' application.

It is true that in the Central Vermont Railway Company v. White, 238 U.S. 507, 35 S.Ct. 865, 867, 59 L.Ed. 1433, Ann.Cas. 1916B 252, the Supreme Court held that "in Vermont, and in a few other states, proof of plaintiff's freedom from fault is a part of the very substance of his case * * *" and that in said states it cannot "be said that the burden is imposed by a rule of procedure." And at the time of the White decision doubtless the rule in Connecticut was the same as that of Vermont.

Since that time, however, the Supreme Court of Errors of Connecticut has definitely ruled that the burden of proof on the issue of contributory negligence is a matter of procedure rather than of substantive law. For in 1931, a statute was enacted, General Statutes of Connecticut, Cum. Supp.1931, § 598a, whereby it was provided that in death cases "if the person who sustained the injury shall die prior to the trial of such action, it shall be presumed that such person was, at the time of the commission of the alleged negligent act or acts, in the exercise of reasonable care. If contributory negligence be relied upon as a defense, it shall be affirmatively pleaded by

the defendant, and the burden of proving such contributory negligence shall rest upon the defendant."

And in Toletti, Adm. v. Bidizcki, 118 Conn. 531, at page 537, 173 A. 223, 225, the Supreme Court of Errors for the State said: "We construe the 1931 statute to be procedural in its character rather than one affecting substantive rights. It makes no change in the substantive law that the plaintiff in a negligence action cannot recover if it appears that his own negligence materially contributed to produce his injuries. The absence of contributory negligence still remains one of the essential factors in his case. The statute raises a presumption of due care in favor of the plaintiff and shifts the burden of proof, putting upon the defendant the duty of producing evidence of contributory negligence, if that is relied on as a defense, but, when the evidence is all in, if it appears that the plaintiff's negligence has contributed to his injuries, he cannot recover."

When it has thus been established by the court of last resort in the State of Connecticut that the burden of proof on the issue of contributory negligence is no part of the substantive law of the State, under the doctrine of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, this court must follow the State law and treat the subject-matter as one of procedure. That being so, Rule 8(c) of the Rules of Federal Procedure, 28 U.S.C.A. following section 723c, becomes applicable, and contributory negligence must here be treated as an affirmative defense. The rule, like the Connecticut Statute quoted, purports to work no change in the substantive law.

I rule, accordingly, that the complaint in the respect challenged is not defective.

I am also asked to rule upon the validity of the plaintiff's claim of trial by jury. This claim was filed long after the time limited by Rule 38(b). The right to a jury trial was thus waived under Rule 38(d). The plaintiff, in effect, is seeking to withdraw his waiver. The only ground upon which plaintiff's application is based is that in November 1938, when the pleadings were closed, the plaintiff's attorney was not familiar with the relevant provisions of the new rules and that the rules themselves were not readily available to him in published form.

But the plaintiff brought his action to this court in October, 1938 after the new rules had become effective. Consequently, the limited exception for pending actions provided in Rule 86 is not applicable here. Certainly the new rules as promulgated and reported to Congress were available in October, 1938 in any reputable bar library. Altogether, even if in a proper case the court has power to relax the rigor of Rule 38(b) (a point which I find it unnecessary to decide) I must rule that the grounds upon which this application is based are inadequate. One who invokes the jurisdiction of a federal court is charged with notice of the plain language of the rules regulating its procedure.

Ordered accordingly.