## WILSON & CO., Inc., v. WARD.

### No. 6537.

District Court of the United States for the District of Columbia.

April 28, 1941.

Brandenburg & Brandenburg, of Washington, D. C., for plaintiff.

George E. Sullivan, of Washington, D. C., for defendant.

LUHRING, Justice.

The defendant failed to serve a demand for a jury trial in the manner prescribed by Rule 38(b), 28 U.S.C.A. following section 723c, and now moves the court to order a trial by a jury of the issues involved on the ground (a) that the demand was inadvertently overlooked, (b) that an order at this time for a jury trial will not interfere with the orderly disposition of the court's docket, nor cause appreciable delay, and (c) that it will not prejudice the rights of the opposite party. The motion is supported by affidavit of counsel stating, among other matters, "that I inadvertently failed to demand a jury trial before the calendaring of the action, and have only just discovered the oversight on the day of the making of this affidavit (April 8, 1941); that I had confidently believed that the plaintiff had already made a demand for a jury trial, and am now advised that its failure so to do was also inadvertent."

This motion will be treated as a motion to enlarge the time within which to file and serve the demand for jury trial pursuant to Rule 6(b). Buggeln & Smith v. Standard Brands, D.C., 27 F.Supp. 399; O'Leary v. Liggett Drug Co., D.C., 1 F.R.D. 272. This rule permits an enlargement of the time when it appears that the failure to act within the time specified is the "result of excusable neglect."

The complaint was filed in this court April 10, 1940, more than one and one-half years after the effective date of the Federal Rules. The defendant's answer was filed June 10, 1940, two months afterward. Neither the plaintiff nor the defendant demanded trial by jury.

The case was calendared as a court action June 13, 1940. An index of the civil calendar was published by the Washington Law Reporter, a legal publication of gen-

eral circulation among members of the bar, on August 16, 1940, wherein this case was listed as a non-jury case. On March 31, 1941, counsel were notified that the case was scheduled for pre-trial as a non-jury case at 11 a.m. on April 8, 1941, and was given a pre-trial hearing on that day and was sent to the ready-for-trial calendar of non-jury cases.

A timely filing of the demand for jury trial would have placed the case on the calendar as a jury case, but it would not have been reached for pre-trial as a jury case until perhaps a month or six weeks later since the pre-trial calendar for jury cases is not moving as rapidly as the pre-trial calendar of court or non-jury cases. Hence, as a result of granting the motion, this case will automatically advance over jury cases instead of taking its orderly turn and will reach the ready-for-trial calendar of jury cases and be heard and disposed of prior to other jury cases of lower calendar number. In other words, to grant the motion is tantamount to an order advancing the trial of the case. If, instead of sending it to the ready-for-trial jury calendar, it is held to await its turn on that calendar, then we will have accorded a pre-trial hearing too far in advance of the actual trial and thus defeat the very purpose of the pre-trial as experience has demonstrated.

Unfamiliarity with the new rules for a month or two after their adoption was accepted as an excuse for failure to comply with the time requirements, and so jury trials were allowed even though demand therefor had not been timely made. Alfred Hoffmann, Inc., v. Textile Mach. Works, D.C., 27 F.Supp. 431; Gruskin v. New York Life Ins. Co., D.C., 1 F.R.D. 22, 23. However, the granting of the belated demand was accompanied by the admonition that "in the future it [the court] cannot allow the like elasticity to its discretion, as otherwise the rule would be a nullity." Gruskin v. New York Life Ins. Co., supra. The United States Court of Appeals for the District of Columbia in Burke v. Canfield, 111 F.2d 526, 527, refusing to dismiss an appeal because of the failure to file the record in time, justified the refusal on the ground that "the rules involved are new, and the specific point is one upon which there has been a difference of opinion." However, the court took occasion "to advise the bar that we intend to exercise sparingly our discretion to save an appeal prosecuted in disregard of the rules."

■ ■ The affidavit of counsel in support of the motion fails to make out a case of "excusable neglect," nor does it allege the circumstance under which counsel was led to confidently believe that plaintiff had made the demand. The plaintiff's consent to the granting of the demand endorsed on a proposed order to that effect can not be considered since the orderly procedure prescribed by the rules may not be dispensed with in such manner.

The motion for jury trial is overruled.