## KRUSSMAN v. OMAHA WOODMEN LIFE INS. SOC.

### No. 1140.

District Court, D. Idaho, E. D.

July 29, 1941.

T. D. Jones and Ralph H. Jones, both of Pocatello, Idaho, for plaintiff.

A. L. Merrill and R. D. Merrill, both of Pocatello, Idaho, for defendant.

CAVANAH, District Judge.

The plaintiff moves for an order setting aside a waiver of trial by jury and ordering a trial by jury.

After the answer was filed, no demand for jury was made either by plaintiff or defendant, within the ten days provided by rule 38, subdivision (b), 28 U.S.C.A. following section 723c.

It is urged by plaintiff that he intended to demand trial by jury and failed to do so by reason of oversight of his attorney, and that the case is one that should be tried by jury and that the defendant cannot be prejudiced by ordering the waiver set aside.

There does not appear in the record any affidavit or showing upon which the discretion of the Court might be based other than the statement in the motion that the failure to demand trial by jury was the oversight of counsel for the plaintiff.

Subdivision (d) of rule 38 provides that trial by jury is waived if not made within ten days after the case is at issue, as it is there stated that: "The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5 (d) constitutes a waiver by him of trial by jury." But plaintiff relies upon subdivision (b) of Rule 39, which provides: "Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

4

The sole question is, upon the record where there is no showing made, does subdivision (b) of rule 39 grant discretion to the Court to order trial by jury after the time has expired to demand such a trial?

The exercise of the discretion by the Court must be based upon some circumstance warranting its exercise, otherwise it would be nothing more than an arbitrary act of the Court, which he could do in some instances and deny in others. The discretion should never be exercised by the Court unless there appears in the record a showing of the existence of some plausible circumstances that would cause or justify the mind to act. If such thought did not govern, then the rule requiring demand for trial by jury within ten days would be ineffective and its existence unnecessary. The intent of the rule granting discretion in the Court is governed by the thought here expressed and not by the mere request.

The Courts who have interpreted the rule where the discretion was exercised and motion for trial by jury was granted after the time to demand it has elapsed seem to be based upon a showing made disclosing some circumstance other than the bare oversight of counsel.

While the objection of defendant that the principal issue raised in the pleadings is one of law for the court and not for a jury would seem to be, if they do exist, for the Court to decide, but, however that may be, it becomes unnecessary to decide that after reaching the conclusion here.

Should the motion be granted, it would have to be based merely on the simple request and nothing more. To do that the Court would be acting arbitrarily which it should not do, and therefore the motion of the plaintiff is denied.