**BOWLES, Price Administrator, v.
SAMONAS et al. (two cases).**

**Civil Actions Nos. 4510, 4511.**

District Court, W. D. Pennsylvania.

Feb. 8, 1946.

Thomas F. Garrahan, of Pittsburgh, Pa., for plaintiff.

James A. Reilly, of Uniontown, Pa., for defendants.

WALLACE S. GOURLEY, District Judge.

In the above entitled cases counsel for the defendants on the 7th day of February, 1946, in the presence of counsel for the Office of Price Administration, the plaintiff in said actions, orally moved the Court to exercise the discretion authorized by Rule 39(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and order a trial of the factual issues by a jury.

Counsel for the defendants requested the Court to waive the provisions of Rule 38 (b) of the Federal Rules of Civil Procedure for the reason that counsel assumed that the procedure in Federal Court as to the right of trial by jury in civil proceedings was the same as the practice in our state courts.

The defendants in the above actions waived their right to a trial by jury by failing to demand it within ten days after the service of the last pleading directed to the factual issues in said cases, as required by Rule 38(b) of the Federal Rules of Civil Procedure. 28 U.S.C.A. following section 723c.

The Bills of Complaint in the proceedings against the defendants, which will be designated as the "Beeson Hotel," Civil Action 4510, and the "Ritz Hotel," Civil Action 4511, were filed in the Office of the Clerk of Courts on June 30, 1945, and answers were filed to said complaints on July 19, 1945.

Said cases were set down for hearing by the Clerk of Courts and notice was duly sent to counsel of record on January 22, 1946, in which it was set forth that Civil Actions 4510 and 4511, known as the "Beeson Hotel" and "Ritz Hotel" respectively, would be called for trial before the Court on Monday, February 11, 1946, and would continue on consecutive days until each of said cases was fully heard.

No request was made either to the Clerk of Courts or to the Court for the award of a trial by jury under the Provisions of Rule 39(b) of the Federal Rules of Civil Procedure until February 7, 1946.

There appears to be a difference of opinion existing in our various district courts as to whether or not the Court in its discretion should grant the award of a jury trial where the reason advanced for so doing was "That a party to the litigation was not familiar or was unaware of Court Rule 38(b) which requires a defendant to demand a jury trial within ten days after the service of the last pleading directed to such issue, or in these cases within ten days after the filing of the answers by said defendants, and such demand may be endorsed upon the pleading of the party who files the same."

In the case of Alfred Hofmann, Inc. v. Textile Mach. Works, D.C., 27 F.Supp. 431, the Court held, that "the failure to make timely demand for a jury trial because of unfamiliarity with court rules *for month or two after their adoption* would be considered to be the result of 'excusable neglect,' so that the court could, in its discretion, allow plaintiff jury trial although the court was not required to do so."

An exact contrary view was expressed by the Court in the case of MacDonald et al. v. Central Vermont Ry. Inc., D.C., reported in 31 F.Supp. 298, in which it was held, that where an action was brought in October 1938, after new procedural rules had become effective for the United States District Courts, the effective date being September 1, 1938, a party litigant could not withdraw the waiver of a jury trial on the grounds that he was not familiar with relevant provisions of rules and that the rules themselves were not readily available in published form.

In the case of Wilson & Co., Inc., v. Ward, D.C., reported in 1 F.R.D. 691, the Court held, that in an action where trial by jury had been waived by failure to make timely demand therefor, a motion to enlarge the time for making such demand was denied even though opposing counsel consented thereto. There it appeared that the last pleading had been filed over ten months previously, and the case had been calendered as a non-jury action and a pre-trial hearing had been had.

It also appears that the Courts have similarly interpreted the provisions of Rule 39(b) of the Federal Rules of Civil Procedure in the following cases: Campbell v. American Fabrics Co., D.C., 1 F.R.D. 502. Alfred Hoffmann, Inc. v. Textile Mach. Works, D.C., 27 F.Supp. 431. Plack v. Baumer, D.C., 1 F.R.D. 136.

It has been represented to the Court that many disputed issues of fact will exist in the trial of the cases involved in these two proceedings, and the right of trial by jury is the glory of our law. Therefore, the Court in the exercise of its discretion believes that to avail the defendants the right of trial by jury is justified. Krussman v. Omaha Woodmen Life Ins. Soc., D.C., 2 F.R.D. 3; Gunther v. H. W. Gossard Co., D.C., 27 F.Supp. 995; Peterson v. Southern Pacific Co., D.C., 31 F.Supp. 29. Arnold v. Trans-American Freight Lines, D. C., 1 F.R.D. 380.

The granting of the award for a jury trial in these cases is not to be construed as a practice of this Court to make similar rulings where the reason advanced is that counsel for a party litigant is not familiar with the Rules of Federal Civil Procedure or that said rules were not available for study or inspection.

Although the Court realizes that *members of the bar in outlying counties do* not generally have regular occasions to practice in Federal Court, when an attorney is admitted to practice before this Court, he is charged with the responsibility to learn the rules of practice and procedure and said rules are available in all law libraries. It, therefore, should only be on rare occasions that the relief prayed for in these cases should be granted by the Court in its discretion.

Solely on the basis of the many factual issues existing in these cases which give rise to the claims for treble damages does the Court award a jury trial, which jury trial is to be confined only to the claim of the plaintiff against the defendants for money damages. All equitable issues for injunctive relief to be tried by the Court immediately following the jury trial

since a party litigant is not entitled as of right to a jury trial on an issue for an injunction. Missouri Pac. Transp. Co. v. George, 8 Cir., 114 F.2d 757; Ford v. C. E. Wilson & Co., Inc., D.C., 30 F.Supp. 163.

The Court, therefore, in these cases makes the following Order:

And now, it appearing to the Court that counsel for the defendants in the above entitled cases was not familiar with Rule 38(b) of the Federal Rules of Civil Procedure, which sets forth the procedure for the demand of a jury trial, and that the factual issues in said actions are complicated and involved with a claim for money damages, it is ordered that said cases are hereby certified for jury trials to be held at the May Term of Court, 1946, and the Clerk of Courts is directed in the preparation of the civil trial list to fix said cases first for trial; the award of said jury trial to be confined solely to the question of money damages. The equitable issues for injunctive relief to be tried by the Court immediately following the jury trial.