### ARNOLD v. CHICAGO, B. & Q. R. CO.
#### Civil Action No. 45.

District Court, D. Nebraska,
Omaha Division.

Nov. 6, 1947.

Eugene D. O'Sullivan, A. J. Whalen, H. W. Shackelford and Rosewater, Mecham, Shackelford & Stoehr, all of Omaha, Neb., for plaintiff.

John L. Barton, Brown, Crossman, West, Barton & Quinlan, J. Weingarten and Walter Loomis, all of Omaha, Neb., for defendant.

DELEHANT, District Judge.

On the eve of the trial of this action to recover a judgment for damages for personal injury and expenses allegedly caused by the defendant's negligence, originally instituted in the District Court of Douglas County, Nebraska and brought here by removal, Title 28 U.S.C.A. § 71, on the ground of diversity of citizenship and a controversy involving more than the jurisdictional amount, Title 28 U.S.C.A. § 41(1)(b), the plaintiff has presented, upon notice to counsel for the defendant, a motion in which she asks that the court enter an order granting her a jury trial in the case.

■■■ The transcript on removal was filed in this court on April 11, 1947. The answer was served by mail on May 19, 1947, and it consists only of admissions and denials and a plea of negligence of the plaintiff as the proximate cause of any injuries she may have sustained. Therefore, no reply was in order, Rule 7(a) Federal Rules of Civil Procedure, Title 28 U.S.C.A. following Section 723c; and none has been filed. Allowing three days additional time in consequence of service by mail, Rule 6(e), the last day for the service of a demand for trial by jury was June 1, 1947. Rule 38 (b). No such demand has ever been filed.

It may appropriately be observed that the question of the right of the plaintiff to a trial by jury was drawn informally to the court's attention at an earlier, though very recent, date. At the opening of the present term of court on September 22, 1947, the case was set by the court for trial without a jury at a date later to be fixed. Thereafter, upon invitation of the court, counsel conferred with the writer of this memorandum upon the setting of the date for trial. At that session, counsel for the plaintiff suggested informally that the plaintiff desired to have a jury trial. To which the judge replied that, in view of the absence of any demand therefor, a jury trial had been waived, but that if the plaintiff desired formally to present the issue she might do so in advance of the trial, but that such permission would constitute no enlargement of the time fixed by the rules for demanding such a trial. The present motion has ensued.

But, in whatever aspect it may be regarded, the plaintiff's motion should be denied and overruled.

■■■ If it be considered, in its literal form, as a demand as of right for a trial by jury upon the theory that the right exists because the case was filed originally in the Nebraska state court, it is without validity. It is unquestioned that the case is one in which a trial by jury may be demanded in this court by timely action, and that, if it had not been removed from the state court, its trial there would have been had before a jury, unless both parties by stipulation had waived such trial. But those circumstances are not controlling upon the present question.

■■■ The case came here with only the petition filed. And the issues were matured in this court. In such situations Rule 81(c) is to be administered. It provides that, "These rules apply to civil actions removed to the district courts of the United States from the state courts and govern all procedure after removal. Repleading is not necessary unless the court so orders. In a removed action in which the defendant has not answered, he shall answer or present the other defenses or objections available to him under these rules within the time allowed for answer by the law of the state or within 5 days after the filing of the transcript of the record in the district court of the United States, whichever period is longer. If at the time of removal all necessary pleadings have been filed, a party entitled to trial by jury under Rule 38 and who has not already waived his right to such trial shall be accorded it, if his demand therefor is served within 10 days after the record of the action is filed in the district court of the United States." The first sentence quoted is adequate to cover the present situation; for the term "all procedure" certainly comprehends the trial of the case and the constitution of the trial court. No other matter could be more clearly procedural. But the rule's last sentence eliminates any question upon the point by comprehending, and providing for, the method of securing a jury trial, even in those removed cases whose issues are completely formulated prior to their advent in the

United States District Court. Illustrative of the wide application of Rule 81(c) see Freeman v. Bee Machine Co., 319 U.S. 448, 63 S.Ct. 1146, 89 L.Ed. 1509.

Thus by Rule 81(c), Rule 38, in its several subdivisions, becomes applicable to removed cases. And by Rule 38(b), in association with Rule 6(e), when service of the last pleading directed to the triable issue is by mail, the time within which a jury trial may be demanded is explicitly prescribed. The limitation there declared has not been observed in this instance.

The plaintiff's motion may also be regarded as a demand under Rule 38 for a trial by jury as of right, in a case brought, or by removal pending, in this court. From what has already been said it is obvious that, thus considered, it is altogether untimely. And the court is satisfied that counsel for the plaintiff does not present the motion in that relation.

Finally, it may be regarded as a request for an order of the court allowing a jury trial, despite the failure of the plaintiff seasonably to demand such a trial. It is true that the court is empowered to grant such a request. But a motion for such an order is directed to the discretion of the court. That discretion is to be exercised not capriciously or groundlessly but as a judicial act upon adequate and persuasive grounds. And that is equally true whether the discretion be measured by Rule 6(b) governing generally the enlargement of time by the court, for good cause, or by Rule 39(b), dealing specifically with the court's right to permit a jury trial in default of seasonable demand for it. In this connection the plaintiff invites the court's attention to Gruskin v. New York Life Insurance Co., D.C.Pa., 1 F.R.D. 22, and Wardrep v. New York Life Insurance Co., D.C.Tenn., 1 F.R.D. 175. Those cases are neither in point nor persuasive. In the Wardrep case, evidently an express demand for jury trial had been made in the state court before removal. In the Gruskin case, as also in others, the trial court was impelled to allow jury trial in a removed case, because of the brevity of the time during which the Federal Rules of Civil Procedure had been operative. That course may not be approved as logical. And at this late date its ruling consideration is obsolete. MacDonald v. Central Vermont Ry., Inc., D.C.Conn., 31 F.Supp. 298; Krussman v. Omaha Woodmen Life Ins. Society, D.C.Idaho, 2 F.R.D. 3; Wilson & Co. v. Ward, D.C.D.C., 1 F.R.D. 691, and Bowles v. Samonas, D.C.Pa., 7 F.R.D. 104, in which a jury trial was granted for other reasons. And see concluding sentence in Gruskin v. New York Life Insurance Co., supra. Considerations prompting the discretionary allowance of a jury trial are entirely absent on this occasion.

It may be added that as a matter of judicial administration judicial indulgence ought rarely to grant a trial by jury in default of a timely request for it. Such laxity is calculated to inspire indifference to the requirements of the rules in their entirety, to countenance tardiness in procedural and trial performance, and ultimately to defeat the avowed purpose of the rules to achieve punctuality in the administration of justice. More immediately, it will inevitably create confusion in trial dockets and accomplish unanticipated and intolerable continuances of trials. The consequences are uninviting.

An order is being entered denying the motion.