Jeanne **LIGOURI**, Administratrix of the Estate of Lewis Ligouri, Plaintiff,

v.

**NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY**, Defendant.

Civ. No. 8340.

United States District Court
D. Connecticut.

Jan. 17, 1961.

Jacob D. Zeldes of Goldstein & Peck, Bridgeport, Conn., for plaintiff.

Thomas S. Conlon, New Haven, Conn., for defendant.

TIMBERS, District Judge.

Plaintiff moves, pursuant to Rule 39 (b), Fed.R.Civ.P., 28 U.S.C.A., for a jury trial, notwithstanding plaintiff's failure to demand a jury within the time prescribed by Rule 38(b), Fed.R. Civ.P.

The action is brought pursuant to the Federal Employers' Liability Act, 45 U.S. C.A. §§ 51–60, to recover damages for fatal injuries sustained by plaintiff's decedent while employed as a brakeman by defendant on December 7, 1959 at Cos Cob, Connecticut.

The action was commenced by filing the complaint May 12, 1960. The answer was served by mail May 31, 1960. The time within which to demand a jury trial expired June 13, 1960, i. e. 10 days after service of the answer which was the last pleading (Rule 38(b)), extended 3 days because the answer was served by mail (Rule 6(e)). No demand for jury trial was served within the prescribed time; not until 4 months later did plaintiff request a jury trial by filing the instant motion. Accordingly, plaintiff has waived her right to jury trial. Rule 38(d), Fed.R.Civ.P.

On October 4, 1960 an appearance was filed by new counsel for plaintiff, that is, counsel other than the attorney who signed the complaint. Plaintiff's new counsel, within 10 days after appearing, filed the instant motion for jury trial.

It is clearly within the discretion of the Court whether to order a jury trial of any or all issues under the circumstances here presented, despite the waiver of jury trial. Rule 39(b), Fed.R.Civ. P. For two decades, however, this Court consistently has refused to grant a motion for jury trial under Rule 39(b) after a jury trial has been waived pursuant to Rule 38(d). MacDonald v. Central Vermont Railway, Inc., D.C.D.Conn. 1940, 31 F.Supp. 298, 299 (negligence action); Gora v. Jenkins Brothers, D.C. D.Conn.1948, 8 F.R.D. 32 (action involving issues as to scope of patents and accounting); Kisielewicz v. Winchester Repeating Arms Company, Civ. No. 3216 (D.Conn. July 16, 1951) (negligence action); Lambert v. White Motor Co., Civ. No. 3327 (D.Conn. October 16, 1951) (negligence action); Castro v. Cufari, D.C.D.Conn.1953, 14 F.R.D. 150 (negligence action). Judge Hincks, in the Kisielewicz and Lambert cases, and Judge Smith, in the Castro case, in declining to order a jury trial after it had been waived, relied on Arnold v. Chicago, B. & Q. R. Co., D.C.D.Neb.1947, 7 F.R.D. 678 (negligence action), in which case the court stated (7 F.R.D. 678, 680):

"It may be added that as a matter of judicial administration judicial indulgence ought rarely to grant a trial by jury in default of a timely

request for it. Such laxity is calculated to inspire indifference to the requirements of the rules in their entirety, to countenance tardiness in procedural and trial performance, and ultimately to defeat the avowed purpose of the rules to achieve punctuality in the administration of justice. More immediately, it will inevitably create confusion in trial dockets and accomplish unanticipated and intolerable continuances of trial. The consequences are uninviting."

The only instance which has been brought to my attention where this Court has granted a motion under Rule 39(b) for a jury trial is Art's Jewelers, Inc. v. Firemen's Insurance Co., Civ. No. 4900 (D.Conn. January 19, 1956) (action on jewelers' block policy). In that case, however, Judge Smith held that, an amendment to a reply setting up defenses of waiver and estoppel having been filed with permission of the Court, there had been no waiver of jury trial pursuant to Rule 38(d). Earlier ·Judge Smith had denied a motion to have the case placed on the jury list because the jury claim had been filed late. Art's Jewelers, Inc. v. Firemen's Insurance Co., Civ. No. 4900 (D.Conn. November 14, 1955).

Federal courts in districts other than Connecticut, especially in the early years following adoption of the Federal Rules of Civil Procedure, have ordered jury trials in negligence cases under Rule 39 (b) despite the waiver of a jury trial. S. S. Kresge Co. v. Holland, 6 Cir., 1946, 158 F.2d 495, 497; Rogers v. Montgomery Ward & Co., D.C.S.D.N.Y.1939, 26

F.Supp. 707; Peterson v. Southern Pacific Company, D.C.S.D.Cal.1940, 31 F. Supp. 29; Arnold v. Trans-American Freight Lines, Inc., D.C.W.D.Mich.1940, 1 F.R.D. 380; Hargreaves v. Roxy Theatre, Inc., D.C.S.D.N.Y.1940, 1 F.R. D. 537; Bosley v. Southern Bell Telephone & Telegraph Co., D.C.W.D.La. 1941, 1 F.R.D. 771, 772; Van Vranken v. Palmer, 8 Fed.Rules Serv. 39 b.2, Case 1 (S.D.N.Y.1944); Alberti v. Automobile Shippers, Inc., D.C.N.D.Ohio 1949, 9 F.R. D. 323. Professor Moore, in commenting on the leniency of some district courts in relieving waiver of jury trial during this earlier period, states (5 Moore's Federal Practice, ¶39.09, pp. 715–716 (2d ed. 1951)):

"Leniency marked the attitude of the district courts immediately after the adoption of the Rules, for these courts apparently hesitated to place too great a penalty upon the client because of his attorney's inadvertent failure to make a timely demand for jury trial, or to acquaint himself with the requirements of the new procedure. With the passage of time, these factors have naturally become less appealing."

Plaintiff's plea for jury trial in the instant case is not lacking in appeal. Her husband, age 36, was killed while employed by the railroad. He left, in addition to his widow, two minor children, 7 and 4 years of age. Under the statute pursuant to which this action is brought, as well as under the Seventh Amendment of the Constitution of the United States, plaintiff had a right to jury trial, if timely claim were made and not waived. Her right to jury trial was a valuable right.[1] Through no fault of plaintiff

---

[1.] Such right to jury trial "is part and parcel of the remedy afforded railroad workers under the Employers' Liability Act." Bailey v. Central Vermont Railway, Inc., 1943, 319 U.S. 350, 354, 63 S.Ct. 1062, 1064, 87 L.Ed. 1444. "To deprive these workers of the benefit of a jury trial in close or doubtful cases is to take away a goodly portion of the

relief which Congress has afforded them." Ibid. Accord, Tiller v. Atlantic Coast Line Railroad Co., 1943, 318 U.S. 54, 67–68, 63 S.Ct. 444, 87 L.Ed. 610; Blair v. Baltimore & Ohio Railroad Co., 1945, 323 U.S. 600, 602, 65 S.Ct. 545, 89 L.Ed. 490; Terminal Railroad Association of St. Louis v. Schorb, 8 Cir., 1945, 151 F.2d 361, 365, certiorari denied, 1946,

widow, and indeed through no fault of her present counsel, this valuable right has been waived, presumably by inadvertence of predecessor counsel for plaintiff.[2] While it has been the unbending practice of this Court for many years not to order a jury trial once it has been waived, such practice, so far as I am aware, has never been applied by this Court to an action brought under the Federal Employers' Liability Act.

The Court's discretion, to which plaintiff's motion for jury trial is here addressed, must be exercised "as a judicial act upon adequate and persuasive grounds."[3] The Court has balanced the obviously appealing considerations advanced by plaintiff in support of her plea to be relieved of her waiver of jury trial against the deeply rooted considerations of sound judicial administration reflected in the consistent practice of declining to order a jury trial after it has been waived which has been established and adhered to by Judge Hincks, Judge Smith and Judge Anderson, whose combined judicial service on this District Court aggregates nearly half a century. The Court adheres to that well established practice.

Accordingly, plaintiff's motion for jury trial pursuant to Rule 39(b), in the exercise of the Court's discretion, is denied.

Denial of plaintiff's motion, however, is without prejudice to her applying, pursuant to Rule 39(c), to the judge who presides at the trial of this case,[4] for trial of some or all of the issues with an advisory jury. American Lumbermens Mutual Casualty Co. of Illinois v. Timms & Howard, Inc., 2 Cir., 1939, 108 F.2d 497, 500; cf. Hargrove v. American Central Insurance Co., 10 Cir., 1942, 125 F.2d 225, 228; 5 Moore's Federal Practice, ¶ 39.10, pp. 720–723 (2d ed. 1951). This Court, in ruling on the instant motion, expresses no opinion, and intends that none should be implied from the foregoing, as to how such a motion pursuant to Rule 39(c), if made, should be ruled upon by the trial judge.

326 U.S. 786, 66 S.Ct. 470, 90 L.Ed. 477; Clarke v. Chicago & North Western Railway Co., D.C.D.Minn.1945, 63 F. Supp. 579, 581.

2. Failure of predecessor counsel to make a timely demand for jury trial has been rejected as a ground for the exercise of the court's discretion to order a jury trial under Rule 39(b). Polak v. Koninklijke Luchtvaart Maatschappij, D.C. S.D.N.Y.1956, 19 F.R.D. 87, 88; Scrinko v. Reading Co., D.C.D.N.J.1954, 117 F. Supp. 603, 606.

3. Arnold v. Chicago, B. & Q. R. Co., supra at page 680, of 7 F.R.D.

4. The Court's discretion with respect to the use of an advisory jury under Rule 39 (c) properly should be exercised by the trial judge rather than the motions judge. Strelitz v. Surrey Classics, Inc., D.C.S.D. N.Y.1946, 7 F.R.D. 101, 103; 5 Moore's Federal Practice, ¶ 39.10, p. 723 (2nd ed. 1951).