**A & W OIL COMPANY, Inc., Plaintiff,**

v.

**TEXACO, INC., a Corporation, Defendant,**

**A. B. Littlefield d/b/a A & W Oil Company, Intervenor.**

**No. FS–70–C–50.**

United States District Court, W. D. Arkansas, Fort Smith Division.

Dec. 30, 1970.

Ben Core, of Daily, West, Core & Coffman, Ft. Smith, Ark., for plaintiff.

Oliver J. Butler, Jr., of Texaco, Inc., Houston, Tex., Richard B. Shaw, of Shaw & Ledbetter, Ft. Smith, Ark., for defendant.

## MEMORANDUM AND ORDER

JOHN E. MILLER, Senior District Judge.

On December 14, 1970, the plaintiff and intervenor filed a joint motion asking that they be granted a jury trial on all of the issues in this case. On December 21, 1970, the defendant filed its opposition to the motion. The parties have submitted briefs in support of their respective contentions, which the court has considered, and the questions presented are now ready for disposition.

It is not necessary for the court to fully review the issues between the parties as stated in their pleadings. The complaint was filed June 12, 1970, seeking to recover from defendant $25,000 as damages for breach of contract; $750,000 as damages for malicious interference with business contract relations between plaintiff and its customers; the further sum of $75,000 for future loss of profits by reason of the breach of the contract; that defendant be ordered and directed to honor the aforesaid contract and to perform the same according to its terms until and including May 31, 1971, and that the defendant be enjoined and restrained from any further interference with the dealers of the plaintiff, and for costs.

On July 6, 1970, the defendant filed a motion to dismiss which was denied by

Judge Williams on July 22. The answer of the defendant was filed August 3.

On August 6, 1970, A. B. Littlefield filed his motion to intervene, which motion was granted on August 10 by Judge Williams. The answer of defendant to the intervention was filed August 17. A controversy then arose between the parties relative to the incompleteness of depositions, which controversy was resolved by the parties, and on November 23 the court was presented a letter from Mr. Core, in which he consented that the defendant have an additional 30 days time in which to complete its answers to interrogatories filed by plaintiff and intervenor. In accordance with that letter, the court on November 25 entered an order extending the time of defendant to December 28 in which to complete and file its answers to the interrogatories.

The motion for a jury trial was filed December 14. The last pleading, filed on August 17, was the answer of defendant to the intervention of A. B. Littlefield.

Rule 38(a), Fed.R.Civ.P., preserves the right of trial by jury as declared by the Seventh Amendment to the Constitution. Subparagraph (b) gives any party the right to demand a trial by jury of any issue triable of right by a jury "by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party."

Subparagraph (c) gives a party demanding a jury trial the right to specify the issues which he wishes to be so tried.

Subparagraph (d) provides:

"The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial as herein provided may not be withdrawn without the consent of the parties."

Rule 39 provides:

" * * * The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States."

Subparagraph (b) of Rule 39 provides:

" * * * notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

The motion before the court asks that all issues be tried to a jury.

The movants in their brief in support of the motion contend that the right to a jury in a federal court as declared by the Seventh Amendment is a basic and fundamental feature of our judicial system, and when the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary. Thus, the movants contend that the court should in the exercise of its discretion grant the motion.

The defendant contends that no compelling reason exists in this case to warrant the granting of an untimely request for a jury trial and that the motion should be denied.

After a thorough consideration of the record and the contentions of the parties, the court agrees with the contention of the defendant and that the motion should be denied.

On or about October 1, 1970, this court accepted the assignment of this case for trial. On that date a letter was addressed to all the attorneys for the

parties, the last paragraph of which stated:

"This is a nonjury case and should be tried within the next 60 days if possible, and I suggest that the parties complete their discovery procedures in order to be ready for trial upon ten days to two weeks notice."

On December 1, 1970, the court again wrote all counsel and stated that it was not advisable to undertake a pretrial hearing until the parties had made further progress with their discovery procedures, and requested that the parties expedite their discovery work.

On December 3, 1970, the attorney for the movants wrote the court as follows:

"There is one thing that perhaps I should bring up at this time. In fact, quite obviously, I should have brought it up a long time ago. That is this. During the days when the events were occurring that culminated in this lawsuit, and Mr. Littlefield of A & W Oil Company was consulting with me about the advisability of court action, our discussions were always based on the assumption of a jury trial and accordingly Mr. Littlefield has always thought of the case as going to a jury, and so did I until your letter of October 1, 1970, waked me up to the fact that I had not complied with the rule requiring that a jury trial must be requested. I have no excuse except that I just forgot that I had to make the request. Somehow, I cannot seem to get accustomed to doing that. Since it is still within the discretion of the court to grant a jury trial even on a late request, and since the client has been proceeding on the assumption that it would be a regular jury trial, and since, if granted, it might make a difference in the court's scheduling of the case for pre-trial and trial, I am hereby making the request at this time that the plaintiff be granted a jury trial."

Upon receipt of that letter, I wrote counsel for the movants on December 4, 1970, as follows:

"During my entire service as Judge I have attempted to obtain compliance with the rules of procedure, but have at times granted belated requests for a jury, but I do not recall granting a belated request if there was any objection by any party to such request.

"In view of the record, the court would be justified in peremptorily refusing your request, but if the attorneys for defendant have no objection, I would then consider, in the exercise of a sound judicial discretion, whether your request should be granted.

"I note that you sent the attorneys for the other parties a copy of your letter, and I am sending them a copy of this letter and, before acting on your request, I shall appreciate a response from them."

In their brief in support of the motion, the movants cited several decisions in which the court exercised its discretion and granted a belated request for a jury trial. A substantial number of the decisions in which the courts have granted belated requests are based upon the provisions of Rule 39(b) heretofore set forth. In the allegations of the complaint liability is asserted against the defendant upon legal grounds except as to the request for an injunction, and ordinarily movants would be entitled to a jury trial on the legal issues. In their motion they request that they be granted a jury trial on all of the issues in the case. Thus, the court has considered the motion as stated by movants for a jury trial upon all issues, and no attempt has been made to separate the equitable from the legal issues.

In 5 Moore's Federal Practice, ¶ 39.09, the author states at page 715:

"Requests for relief from waiver of jury trial have been numerous, and at one time or another nearly every conceivable reason has been advanced to

persuade the district court to grant relief. Since the grant or denial of relief from a waiver is committed to the trial court's discretion the appellate courts normally refuse to interfere.

"Leniency marked the attitude of the district courts immediately after the adoption of the Rules, for these courts apparently hesitated to place too great a penalty upon the client because of his attorney's inadvertent failure to make a timely demand for jury trial, or to acquaint himself with the requirements of the new procedure. With the passage of time, these factors have naturally become less appealing."

The author proceeded to quote from Judge Delehant in Arnold v. Chicago, B. & Q. R. Co., (D.Neb.1947) 7 F.R.D. 678 as reflecting the changed attitude of the court:

" 'It may be added that as a matter of judicial administration judicial indulgence ought rarely to grant a trial by jury in default of a timely request for it. Such laxity is calculated to inspire indifference to the requirements of the rules in their entirety, to countenance tardiness in procedural and trial performance, and ultimately to defeat the avowed purpose of the rules to achieve punctuality in the administration of justice. More immediately, it will inevitably create confusion in trial dockets and accomplish unanticipated and intolerable continuances of trials. The consequences are uninviting.' "

See also Transocean Air Lines v. Pan American World Airways, (S.D.N.H. 1964) 36 F.R.D. 43, 45, where the court held the rule would be strictly enforced and relief from waiver would be granted only under highly exceptional circumstances.

■ Counsel for movants are experienced and capable. Their candor in advising the court that they simply overlooked making a timely demand for a jury is commendable, but the court feels that if a jury trial should be granted under the facts, such action would completely nullify the provision of Rule 38(d) where it is emphatically stated that a failure of a party to serve a demand as required by the rule constitutes a waiver by him of a trial by jury. Before a request for a jury trial is granted, there must be a showing of facts upon which to base a judicial discretion.

In Home Owners' Loan Corp. v. Huffman, (8 Cir. 1943) 134 F.2d 314, at page 316, the court in discussing the extent of discretionary power, said:

"Judicial discretion is variously defined. The sense in which the term is commonly used is defined in 1 Bouv. Law Dict., Rawle's Third Revision, page 884, as 'The power exercised by courts to determine questions to which no strict rule of law is applicable but which, from their nature, and the circumstances of the case, are controlled by the personal judgment of the court.' "

In United States v. 1,997.66 Acres of Land, (8 Cir. 1943) 137 F.2d 8, at page 14, the court, in discussing when judicial discretion should be exercised, said:

"It is the wish of the law and not the will of the judge toward which judicial discretion must always seek to be directed. Cf. Osborn v. United States Bank, 22 U.S. 738, 9 Wheat. 738, 866, 6 L.Ed. 204; Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520."

In Arnold v. Chicago, B. & Q. R. Co., supra, the court, in discussing the question of discretion, 7 F.R.D. at page 680 said:

" * * * it may be regarded as a request for an order of the court allowing a jury trial, despite the failure of the plaintiff seasonably to demand such a trial. It is true that the court is empowered to grant such a request. But a motion for such an order is di-

rected to the discretion of the court. That discretion is to be exercised not capriciously or groundlessly but as a judicial act upon adequate and persuasive grounds. And that is equally true whether the discretion be measured by Rule 6(b) governing generally the enlargement of time by the court, for good cause, or by Rule 39(b), dealing specifically with the court's right to permit a jury trial in default of seasonable demand for it."

In 5 Moore's Federal Practice, ¶ 39.09, pp. 718–719, the author stated:

"Categorical criteria underlying the exercise of judicial discretion do not exist, for the resulting rigidity would be contra to the raison d'etre of 'discretion'. Nevertheless, judicial discretion must have some rational basis. It is not synonymous with judicial whim or caprice. While no single factor may be controlling, each is an element to be considered in the determination of whether relief will or will not be granted. When two or more of these factors combine in favor of or against the exercise of judicial discretion, the result is more susceptible of prediction. Counsel desirous of obtaining relief from waiver should be careful to spell out the basis or bases of his motion for relief, since it is settled today that the mere statement of 'oversight' or 'inadvertence' does not suffice to invoke the discretion of the court."

The learned attorneys call the court's attention to two pending and one recently disposed of cases in the Western District of Arkansas, in which the court granted belated requests for a jury trial where the facts did not differ materially or substantially from the facts in the instant case. This court assumes the facts were legally sufficient to justify the exercise of a sound judicial discretion. The work of the trial judge in jury cases is much less extensive than in the ordinary trial to the court, but no court should disregard the plain provisions of the law, the rule in this case, without legal reason therefor.

■ The fact that belated requests for jury trials have been granted by other Judges sitting in the Western District of Arkansas is no reason why the court, upon the showing made by the movants in this case, should grant such demand. No court should grant a belated request for jury trial unless the facts are sufficient to justify such action, and the court finds that justice requires such action. Otherwise, such action nullifies the clear provisions of Rule 38.

In Donnelly Garment Co. v. National Labor Relations Board, (8 Cir. 1942) 123 F.2d 215, at page 220, the court said:

"It is a long-established rule that judges of the same court will not knowingly review, reverse or overrule each other's decisions. Shreve v. Cheesman, 8 Cir., 69 F. 785, 790, 791; Plattner Implement Co. v. International Harvester Co., 8 Cir., 133 F. 376, 378, 379. The necessity of such a rule in the interest of an orderly administration of justice is clear."

See, also, Price v. Greenway, (3 Cir. 1948) 167 F.2d 196.

In United States v. Mathies, (3 Cir. 1965) 350 F.2d 963, the court referred to the rule disapproving judges sitting in the same court and in the same case overruling one another, and held that under the facts in that case such rule did not apply.

"In any event, the rule was never intended to apply to a situation in which one judge, in a different case, merely declines to follow a rule of law enunciated by a colleague. Even in the same case, the rule 'is not absolute and all-embracing in its scope.' TCF Film Corporation v. Gourley, 3 Cir., 240 F.2d 711, 713."

Therefore, the motion of plaintiff and intervenor is denied.