**NEW CREATION CONTACT LENSES OF PAR, INC., and Ben Israel and Nancy Israel, Plaintiffs,**

v.

**CONTINUOUS CURVE CONTACT LENS, INC., Revcon, Inc., Soft Lens, Inc., and Barnes-Hind Hydrocurve, Inc., Defendants.**

Civ. No. 83–5001.

United States District Court, W.D. Arkansas, Fayetteville Division.

Dec. 7, 1983.

David Horne, Kincaid, Horne & Trumbo, Fayetteville, Ark., for plaintiffs.

G. Alan Wooten, Warner & Smith, Fort Smith, Ark., for defendants.

## MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

This is a breach of contract case in which the plaintiffs allege compensatory damages of $220,000.00 and punitive damages of $2,500,000.00. The issue before the Court is whether plaintiffs' request for a jury trial should be granted even though they admittedly did not make timely demand for one as required by Rule 38(b) of the Federal Rules of Civil Procedure.

The complaint was filed on January 5, 1983, consisting of 13 pages. There was not a request for a jury contained in the complaint. On February 28, 1983, the defendants filed their combination motion to dismiss and answer, substantially denying the allegations of the complaint. Since the time of the answer, there have been discovery problems that have developed and a number of discovery motions have been filed and acted on by the Court, but the combined motion to dismiss and answer of the defendants is the last pleading which can even conceivably be construed to be directed to any issue in the case.

By notice to counsel dated August 11, 1983, the matter was set to be tried during the week of January 9, 1984. On November 3, 1983, plaintiffs filed a request for jury trial. Neither in the request nor in any other filings did the plaintiffs advise the Court of the reasons for the belated request. Subsequently, the defendants objected to the Court granting the plaintiffs a trial by jury and filed a memorandum brief in support of this position. The Court has considered the filings of the parties and the questions presented are now ready for disposition.

Rule 38 of the Federal Rules of Civil Procedure provides that a party may preserve its Seventh Amendment right to a trial by jury of any issue only by making "a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue." Rule 38(d) provides that the failure to timely make such demand constitutes a waiver by the party of the right to trial by jury.

However, in keeping with the intent of the Federal Rules of Civil Procedure to achieve substantial justice, Rule 39(b) granted to the court the discretion to relax the time requirement in these words: ". . . but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by jury of any or all issues."

A review of the cases construing the provisions of Rule 39(b) indicates that there is, by no means, a dearth of opinions in this respect. These cases substantiate and justify Professor Moore's comment in 5 *Moore's Federal Practice,* ¶ 39.09, p. 39–19, that:

> Requests for relief from waiver of jury trial have been numerous, and at one time or another nearly every conceivable reason has been advanced to persuade the district court to grant relief."

Since the rules obviously give district courts considerable discretion to grant or not to grant a jury trial not timely requested, the question becomes how this discretion should be exercised.

As is pointed out in 9 Wright & Miller, *Federal Practice and Procedure: Civil* § 2334, p. 113:

There is a wide divergence of view on how a court should exercise its discretion on a motion under Rule 39(b). It is the rule in some courts that "the court should grant a jury trial in the absence of strong and compelling reasons to the contrary." (citing cases). Elsewhere it has been held that the court has no discretion to grant jury trial when there was no timely demand unless there are special circumstances excusing the oversight or default. (citing cases).

In the only published opinion from this Court, distinguished Judge John E. Miller in a decision in 1970 announced the principle that the court had not in the past and would not grant a request for a jury trial not timely made in any instance where the other side objected. *A & W Oil Company, Inc. v. Texaco, Inc.*, 51 F.R.D. 283 (W.D. Ark.).

This decision by Judge Miller, in his usual excellent style, lucidly set forth his well-reasoned conclusion and his reasons therefor. While this Court has the greatest respect for Judge Miller, now deceased, and the legacy that he left this Court and other courts through the great number of scholarly opinions authored by him, this Court believes that the application announced in that case is too wooden. As Professor Wright pointed out in the article cited above (p. 115), there is a line of cases which agree with the principles announced in Judge Miller's opinion, but this Court agrees with Professor Moore's analysis that such an interpretation, in effect, reads Rule 39(b) out of the rules. Rule 39(b) says the court has discretion. If the trial court grants every request for a jury trial, whether or not timely made, it is not exercising discretion. Likewise, if the court refuses in every instance or even in only those instances where the other party objects, to grant a request for jury trial not made timely, the court is not exercising the discretion granted and encouraged by Rule 39(b).

In 5 *Moore's Federal Practice*, ¶ 39.09, p. 39–27, the author stated:

Categorical criteria underlying the exercise of judicial discretion do not exist, for the resulting rigidity would be contra to the *raison d'etre* of "discretion." Nevertheless, judicial discretion must have some rational basis. It is not synonymous with judicial whim or caprice. While no single factor may be controlling, each is an element to be considered in the determination of whether relief will or will not be granted. When two or more of these factors combine in favor of or against the exercise of judicial discretion, the result is more susceptible of prediction. Counsel desirous of obtaining relief from waiver should be careful to spell out the basis or bases of his motion for relief, since it is settled today that the mere statement of "oversight" or "inadvertence" does not suffice to invoke the discretion of the court.

In short, the Court does not believe that either an approach in which the trial court grants a request for jury trial in almost every instance, regardless of when made nor one that never or seldom grants a jury trial if not timely made is appropriate. Instead, the Court believes that the proper principle to be applied is one in which the Court looks at the totality of the circumstances in each instance to determine whether it should, in exercising the discretion granted by Rule 39(b), grant a jury trial even though the party now requesting it has waived his right to one. One of the factors that the Court believes should be considered and will be considered is the "excuse" given for the request not being timely made. As was pointed out in the *Moore* article quoted above, the Court does not believe that any single factor can be controlling, but that, instead, each is an element to be considered in determining whether relief will or will not be granted. If the "excuse" for not timely making the request is "good" or has merit, then that would weigh heavily toward a conclusion that a request should be granted. On the other hand, if the reasons given for the late request are not "good" or do not have much or any merit, then, unless other factors are present and point strongly toward granting

the request, the request should be denied. For example, this Court can conceive of circumstances in which the reasons for the late request are not good, but because of the nature of the case or other factors, it is clearly in the interest of justice for the case to be tried to a jury, and in those instances, one should normally be granted.

A factor which many courts have taken into consideration in determining whether a request not timely made will be granted is whether the issues are technical or complicated or otherwise ill adapted for jury trial. *See* cases cited at footnote 49 of 9 Wright & Miller, *Federal Practice and Procedure: Civil* § 2234, p. 120.

In this case, the Court can find no factors that weigh to any substantial degree in favor of granting the admittedly belated request for a jury. As noted, plaintiffs have advanced no reasons for the untimeliness of the request. When that factor is coupled with an analysis of the issues of this case, the Court believes that it becomes clear that the plaintiffs, having waived their right to a jury trial, should not now be granted one. As pointed out above, the complaint in this case consists of 13 pages broken down into three counts. The issues set forth in the complaint are technical and complicated, allegedly involving contracts and breaches thereof, promissory estoppel, misrepresentation and fraud, and wrongfully inducing breach of contract. It would be difficult, if not impossible, for the attorneys for the parties and for the Court to frame these issues in a manner to make them easily understandable by lay jurors who have no training in the law or other issues raised by the technical complaint filed.

It should also be noted that there are legitimate practical reasons for the Court to require that Rule 38 be complied with. In setting the trial docket the Court, of necessity, must take into account the factors that cause the trial of a non-jury case to be different from a jury case, such as longer trial time required in jury cases. In order to "fit it all together," non-jury cases are scheduled for times that usually could not be utilized for longer jury trials. After the trial docket for a particular period is set, to allow the lawyers or parties to belatedly "change their minds" makes the planning that goes into such matters useless.

For all of these reasons, the Court has determined that the plaintiffs have unquestionably waived their constitutional right to a trial by jury. *Littlefield v. Fort Dodge Messenger*, 614 F.2d 581 (8th Cir.1970). The Court further finds that a proper application of the provisions of Rules 38 and 39 of the Federal Rules of Civil Procedure dictate that the Court not exercise the discretion given by Rule 39(b) and not grant plaintiffs' belated request for a jury trial.

It perhaps should be noted that the requirement of Rule 38 in respect to jury trials should not be a trap for unwary lawyers, or at least not a recently set one, since that has been the rule in federal courts, unchanged, since 1938.

A separate order will be entered denying the request.