**UNITED STATES of America, Plaintiff,**

v.

**PREMISES KNOWN AS 417 EAST GRAND AVENUE, GARLAND COUNTY, HOT SPRINGS, ARKANSAS, with Dwellings and Appurtenances and Grounds, Defendant.**

**Civ. No. 90–6097.**

United States District Court,
W.D. Arkansas,
Hot Springs Division.

April 15, 1991.

David R. Ferguson, Asst. U.S. Atty., Fort Smith, Ark., for plaintiff.

R. Scott Campbell, Hot Springs, Ark., for defendant.

## ORDER

OREN HARRIS, Senior District Judge.

Before the court is the jury trial demand filed by the claimant, Lovenia Moses, on March 26, 1991. The complaint of forfeiture was filed on October 31, 1990. An order of arrest was issued for the subject property on the same day by the Honorable Beverly R. Stites, United States Magistrate.

Lovenia Moses filed a claim to the subject property on November 16, 1990, and an answer to the complaint on November 19, 1990. The court issued a scheduling order listing July 22, 1991, as the date for the nonjury trial. A few days after the scheduling order was issued the claimant filed a jury demand. The United States responded to the jury demand on April 5, 1991.

Rule 38(b) of the Federal Rules of Civil Procedure provides as follows:

**Demand.** Any party may demand a jury trial of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.

Rule 38(d) provides:

The failure of a party to serve a demand as required by this rule ... constitutes a waiver by the party of trial by jury.

However, Rule 39(b) eases the strictness of Rule 38(d) by stating the "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its

**658**

discretion upon motion may order a trial by a jury of any or all issues."

When examining an untimely jury demand the court should look at the totality of the circumstances. One factor to consider is the reason for the delay in requesting the jury trial. *New Creation v. Continuous Curve Contact Lenses,* 100 F.R.D. 75 (W.D.Ark.1983). The claimant has not asserted any reason for the delay in requesting a trial by jury. Some justification for the delay must be asserted for the court to grant a belated jury demand. *Littlefield v. Fort Dodge Messenger,* 614 F.2d 581 (8th Cir.1980).

The claimant's jury demand was several months late. "Waiver by failure to make a timely demand is complete even though it was inadvertent, unintended and regardless of the explanation or excuse." *Scharnhorst v. Independent School District No. 710,* 686 F.2d 637, 641, (8th Cir.1982) quoting *9 C. Wright & A. Miller, Federal Practice and Procedure,* § 2321, at 102 (1971). No excuse has been asserted for the delay and the claimant has asserted no prejudice that she will suffer by denial of her request for a jury trial due to untimeliness.

The court notes that this forfeiture proceeding is an in rem action that relies on the equitable side of a district court. The claimant has not demonstrated any special circumstances which would allow the claimant to have a jury trial in a civil forfeiture proceeding.

IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED that the claimant's demand for jury trial be and the same is hereby denied.