CAROLYN SCHNURER, INC., A CORPORATION OF NEW JERSEY, AND OSCAR SCHMIDT INTERNATIONAL, INC., A CORPORATION OF NEW JERSEY, PLAINTIFFS-RESPONDENTS, v. MILTON STEIN, *ET AL.*, DEFENDANTS-APPELLANTS.

LOUIS LEVINE, PLAINTIFF, v. MILTON STEIN, *ET AL.*, DEFENDANTS.

Argued March 16, 1959—Decided April 20, 1959.

Mr. *Bernard Shurkin* argued the cause for plaintiffs-respondents, Carolyn Schnurer, Inc., etc., *et al.*

Mr. *Jerome S. Lieb* argued the cause for defendants-appellants, Max Bernstein and Best Realty Company, and Milton Stein and Isadore Stein.

The opinion of the court was delivered by

FRANCIS, J. In this negligence action, which was instituted on May 28, 1955, the parties at pretrial conference agreed upon a trial without a jury. The stipulation was incorporated in the order which was signed by them and by the court. Such trial was had and at the conclusion of

the plaintiffs' proof, a motion for involuntary dismissal was granted. Appeal resulted in a reversal and remand for new trial. On April 7, 1958 a new pretrial conference was held, at which time plaintiffs applied for retrial by jury. The assignment judge denied the request and held the plaintiffs to their waiver agreement. The Appellate Division granted leave to appeal and reversed the ruling. 52 *N. J. Super.* 410 (1958). On application we gave leave to appeal.

 *R. R.* 4:29–7 played a significant role in the determination of the Appellate Division. It ordains that a pretrial conference shall be scheduled in every case in which a new trial is ordered. This requirement, it was said, "[w]ould logically seem to terminate the effectiveness of the initial pretrial order, with the result that the stipulation for waiver of jury trial lost its force and effect along with the other provisions of the pretrial order." We cannot agree. The purport of this rule is not to empty the order of its content. Such a practice in the ordinary case would make necessary a profitless duplication of the trial court's time and effort. The pretrial conference is a solemn deliberative proceeding of significant importance in the disposition of cases at the trial level. *R. R.* 4:29–3 calls for discussions between attorneys in advance of their court appearance for the purpose of reaching agreement on as many matters as possible. And they are required to prepare memoranda of their stipulations and to submit them to the court in order to facilitate and expedite the formal conference. *R. R.* 4:29–3. When the court dictates the order which constitutes the repository of their agreements, and it has been signed by the parties, by virtue of *R. R.* 4:29–1 it "becomes part of the record, supersedes the pleadings where inconsistent therewith, and controls the subsequent course of action unless modified at or before the trial * * *." The formidable place in the case thus created for the completed order makes it unrealistic to hold that the further rule directing the scheduling of another conference prior to a new trial has the effect of effacing it from the record. The

purpose of *R. R.* 4:29–7 (which perhaps might have been more plainly stated) was to provide an opportunity for review of the order in the light of the action of the trial or appellate court which produced the retrial.

At the new conference, the original order remains as the basic statement of the agreements and contentions of the parties. Additions, amendments or revisions deemed necessary as the result of the reversal may be made. The trial judge has general supervisory authority over the proceeding, and the changing or withdrawal of stipulations previously made but which are not directly affected by the order for the new trial, is not a matter of right but rather one which rests in his sound discretion. In our judgment, this includes a stipulation waiving jury trial. At the second pretrial conference the agreement cannot be withdrawn *pro forma* because of a change of heart by one party. An application may be made to be relieved of the waiver. But the desire for change does not operate as a command. Reasons must be presented which the trial court, in the exercise of a just discretion, will deem to be adequate to warrant the relief sought. In this area, his discretion must be considered a broad one and ordinarily free from interference by appellate tribunals.

Much has been said about the previous state of the law in New Jersey and elsewhere with respect to the effect of an order for a new trial on an earlier waiver of jury trial. But we need only treat the problem against the background of our rules of practice since the advent of the pretrial procedure. That mechanism occupies such an important position in the administration of the law and in the prompt disposition of cases that parties to litigation cannot be permitted to destroy its value by making formal admissions and agreements for one trial and as a matter of course withdrawing from them for retrial purposes, unless the reversal of the original judgment or some material alteration of the issue to be tried through amendment of the pleadings or otherwise justifies the new position. Such incidents of the

path to the actual trial must be left in the hands of the experienced trial judge.

There is no need to establish a different rule for requests to be excused from stipulations waiving jury trial. And in view of the pretrial conference practice, it should make no difference whether the waiver stemmed from written stipulation or oral stipulation in open court under the original *Rule* 4:39–1, or from failure to demand jury trial within the time limit prescribed by *R. R.* 4:39–1 (effective September 7, 1955, after this suit was started), or from agreement of withdrawal incorporated in a pretrial conference order after a demand for such trial pursuant to amended *Rule* 4:39–1. It is beyond dispute that parties to civil litigation may waive their purely private rights, whether constitutional or not, at their pleasure. *Haythorn v. Van Keuren & Son,* 79 *N. J. L.* 101, 103 (*Sup. Ct.* 1909).

On the federal scene the courts have express discretionary authority to relieve a party from a waiver of jury trial resulting from failure to make such a demand. *Fed. Rules Civ. Proc. Rules* 38, 39(*a*) and (*b*), 28 *U. S. C. A.* Although we have adopted no rule specifically dealing with the matter since the amendment of *R. R.* 4:39–1 on September 7, 1955, undoubtedly *R. R.* 1:27A, conferring general power to relax the rules of practice, would serve the purpose. Reference is made to the federal rules primarily to point out that in exercising the discretion to grant a request for jury consideration after the right has been waived, the courts do not act favorably in the absence of a showing of such cause as reasonably moves the discretion. Moore has distilled the overall principle from the cases, as follows:

"Categorical criteria underlying the exercise of judicial discretion do not exist, for the resulting rigidity would be contra to the *raison d'etre* of 'discretion.' Nevertheless, judicial discretion must have some rational basis. It is not synonymous with judicial whim or caprice. While no single factor may be controlling, each is an element to be considered in the determination of whether relief will or will not be granted. When two or more of these factors combine in favor of or against the exercise of judicial discretion, the result

is more susceptible of prediction. Counsel desirous of obtaining relief from waiver should be careful to spell out the basis or bases of his motion for relief, since it is settled today that the mere statement of 'oversight' or 'inadvertence' does not suffice to invoke the discretion of the court." 5 *Moore, Federal Practice* 718, 719 (1951).

Specific illustrations of the principle in action are: *Johnson v. Gardner,* 179 *F. 2d* 114 (9 *Cir.* 1949), *certiorari* denied 339 *U. S.* 935, 70 *S. Ct.* 661, 94 *L. Ed.* 1353 (1950); *Ohlinger v. United States,* 135 *F. Supp.* 40 (*D. C. Idaho* 1955); *Supplies, Incorporated v. Aetna Casualty & Surety Co.,* 18 *F. R. D.* 226 (*D. C. Pa.* 1955); *Scrinko v. Reading Co.,* 117 *F. Supp.* 603 (*D. C. N. J.* 1954); *Malkin v. Dubinsky,* 14 *F. R. D.* 38 (*D. C. N. Y.* 1953); and *Peterson v. Southern Pac. Co.,* 31 *F. Supp.* 29 (*D. C. Cal.* 1940). They offer a guide to the manner in which the discretion should be exercised in our courts when withdrawal from such a waiver is sought under either the former or the amended *Rule* 4:39–1.

■ These considerations bring us to the precise issue presented here. So far as the record shows, when the motion was made at the new pretrial conference for leave to withdraw the express waiver of jury trial, no reasons were presented by affidavits or other formal means to support it. Consequently, it cannot be said that denial of the motion constituted a mistaken exercise of discretion. *Franklin Discount Co. v. Ford,* 27 *N. J.* 473 (1958), is not to the contrary. In that case the court recognized and enforced a waiver which was an integral part of the contract on which the suit was brought.

Finally, plaintiffs contend that the appeal should be dismissed because of the failure of defendants to file a notice of appeal.

■ The proceedings were initiated under *R. R.* 1:2–3 by a petition for leave to appeal from the interlocutory order of the Appellate Division. *R. R.* 1:3–1 provides that when an appeal is "permitted" from an interlocutory order, it shall be taken within ten days from the entry of such order.

Since under *R. R.* 1:2–3 an application for leave to appeal from such an order of the Appellate Division is required, obviously the appeal cannot "be taken" within ten days from entry of that order. And manifestly, in the ordinary run of cases, the ten-day period will have expired before the court grants the leave. Thus literal compliance is impossible, and if enforced would frustrate this discretionary type of appeal. The situation was recognized with respect to the Appellate Division, and *R. R.* 1:3–1(*c*) was amended to provide that such appeals should be taken to that tribunal within ten days of the "order allowing the appeal." *R. R.* 1:10–8, concerning certification, specifies that "[f]or the purposes of this rule the filing of the notice of petition for certification shall be regarded as if it were the filing of a notice of appeal." And *R. R.* 1:10–14(*b*) says that "[i]f at the time certification is granted, no appeal is pending in the Appellate Division, the petitioner shall serve and file his brief on appeal within 30 days of the entry of the order granting certification." Through oversight a provision similar to that of 1:3–1(*c*) relating to the Appellate Division was not adopted for this court. But in justice the *casus omissus* should not preclude the review in the present case. Although no notice of appeal was filed (no specific requirement therefor appearing in the rules), in accordance with the practice on certification defendants filed their brief within 30 days after the entry of the order granting the leave to appeal. Accordingly, the matter will be treated as properly before us, and the problem occasioned by the omission in the rules will be referred to the Rules Committee for the drafting of an appropriate amendment.

The judgment of the Appellate Division is reversed and the order of the trial court is reinstated.

*For reversal*—Chief Justice WEINTRAUB, and Justices BURLING, JACOBS, FRANCIS, PROCTOR and HALL—6.

*For affirmance*—None.