61 N.J. Super. 348 (1960)
160 A.2d 672
WILLIAM VONELLA, T/A WEST LONG BRANCH SPORTS SHOP, PLAINTIFF,
v.
NORTHERN ASSURANCE COMPANY, ET AL., DEFENDANTS. WEST LONG BRANCH LANES, INC., A NEW JERSEY CORPORATION, PLAINTIFF,
v.
AETNA CASUALTY & SURETY COMPANY, ET AL., DEFENDANTS. FRANK VONELLA, PLAINTIFF,
v.
THE AMERICAN INSURANCE COMPANY, ET AL., DEFENDANTS. WEST LONG BRANCH LANES, INC., A NEW JERSEY CORPORATION, PLAINTIFF,
v.
THE AMERICAN INSURANCE COMPANY, ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided May 5, 1960.
*350 Mr. John A. Golden argued the matter for plaintiffs (Mr. Julius J. Golden, attorney).
Mr. Willard G. Woelper argued the matter for defendants (Messrs. Toner, Crowley, Woelper & Vanderbilt, attorneys).
MARIANO, J.S.C.
The parties are in substantial agreement with the following statement of facts:
The four above-captioned cases involve suits by plaintiffs on four sets or groups of insurance policies aggregating in amount $285,100.
All of the plaintiffs seek to recover damages for the full amount of the policies by reason of a fire which occurred on February 17, 1959. The complaints were filed and served *351 between the latter part of December 1959 and January 15, 1960. The plaintiffs chose not to demand trial by jury, then or thereafter.
Between January 26 and 30, 1960, four answers were served, but no demands for trial by jury were made by the defendants. The answers contain a denial of damages and raise the issues of (a) fraud, (b) false swearing, (c) increased hazard, and (d) improper care after damage.
Within ten days after the last answer was filed, plaintiffs' attorney, pursuant to letter request dated February 3, 1960, obtained a voluntary extension of time within which to file a reply. The stipulation enlarging the time to reply and consented to by the attorneys involved was filed with the Clerk of the Superior Court on February 11, 1960, and reads as follows:
"It is hereby stipulated by and between the parties to this action, acting by their respective counsel, that the prescribed period of time within which the plaintiff * * * may reply or otherwise move with respect to the answer herein be extended from February 18, 1960 to March 9, 1960, and consent hereby is given to the filing of this stipulation with the Clerk of the Court.
Dated: February 5, 1960." (Italics mine)
On February 23, 1960 plaintiffs' attorney advised defendants' attorneys that he had decided not to file replies, and on February 25, 1960 defendants served by mail demands for jury trial on all issues in each case. These demands were served before March 9, 1960, within the time granted to the plaintiffs to reply or to move against the answers. The case is now before this court on the motion of the plaintiffs to strike the defendants' demand for jury trial.
R.R. 4:39-1, as amended, reads as follows:
"Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be endorsed upon a pleading of the party."
*352 Under our system of civil practice, the burden is upon the party who desires a trial by jury to serve a demand, in writing. Though the demand must be made not later than ten days after the service of the last pleading directed to the issue triable of right by a jury, the better practice is to endorse such a demand on the first pleading which is served. In this manner the likelihood of forgetting to demand is eliminated.
R.R. 4:39-3 provides that if a demand for a jury is not made within the time limited and in the manner prescribed by R.R. 4:39-1, supra, such failure shall constitute a waiver of trial by jury.
A cursory examination of the complaints and answers reveals that the entire trial, as well as the ultimate determination of the cases, will depend upon the factual resolution of the matter therein set forth. The affirmative defenses which were raised in the answers afforded the plaintiffs an absolute right to file replies if they desired to allege any matter in avoidance of these defenses. R.R. 4:7-1 provides:
"There shall be a * * * reply, if an affirmative defense is set forth in an answer and the pleader wishes to aver any matter constituting an avoidance of the defense. * * *"
Under R.R. 4:12-1(a) a reply would have been required to be served within 20 days after service of the answers, plus three days because the answers were served by mail. (R.R. 4:6-4)
Had plaintiffs elected to file replies within this period they would have been pleadings directed to the issues raised for the first time in the answers, and either plaintiffs or defendants could have demanded trial by jury within ten days after service of the replies, for the replies would have been the last pleading directed to the issues raised by these affirmative defenses. Similarly, under the stipulation freely and readily consented to by the defendants as an accommodation to the plaintiffs' attorney, they could have filed *353 such replies at any time up to March 9, 1960, and either plaintiffs or defendants could have demanded trial by jury therafter, under R.R. 4:39-1, supra.
The question confronting the court is not, as plaintiffs suggest, one of negligence on the part of the defendants. Even if this were so, our rules provide for the granting of relief in cases of excusable neglect by enlarging the time within which an act is required or allowed to be done. See R.R. 1:27B(a) (2), which is applicable to this court by reason of R.R. 4:6-1. Rather, the question presented for determination is whether in the circumstances of this case the defendants are to be deprived of their constitutional right of jury trial by plaintiffs' election not to file a pleading after having entered into a stipulation extending the time to do so.
The evident purpose of R.R. 4:39-1 and 2 is to enable a party, after he knows he has before him all of the pleadings relating to the issues, or any particular issue, to decide whether he desires to avail himself of his constitutional right to trial by jury, or whether he desires to waive it. If he desires to avail himself of it, he has ten days to demand it. If he desires to waive it, he may do so by not demanding it within those ten days or by formally waiving it before the expiration of that time. In this case defendants did not know until February 23, 1960, when they were advised that the plaintiffs had decided not to file replies, that plaintiffs were not going to introduce new issues into the case, and they promptly, within 48 hours, served their demands for jury trial. Had plaintiffs introduced new issues by a reply, and likely depending upon what they were, defendants might or might not have demanded a jury trial. But this was a decision defendants could not make, and were not intended by the rules to have to make, until they had full knowledge of the issues. The time for pleading was open until March 9, 1960 by virtue of the written stipulation, and the demands of the defendants were filed well before that time, to wit, February 25, 1960. It is the *354 opinion of this court that this is not a case where the determination to be made should be based on when the last pleading was served.
But, moreover, R.R. 1:27A clearly indicates that under proper circumstances this court has the power and the authority to relax or dispense with the rules where it is manifest that a strict adherence to them would work surprise or injustice. This rule reads as follows:
"The rules applicable to any court shall be considered as general rules for the government of the court and the conduct of causes; and as the design of them is to facilitate business and advance justice, they may be relaxed or dispensed with by the court in any instance where it shall be manifest to the court that a strict adherence to them will work surprise or injustice."
Our Supreme Court, in Carolyn Schnurer, Inc. v. Stein, 29 N.J. 498, 503 (1959), pointed out that R.R. 1:27A confers the power to relieve from the waiver of jury trial by failure to demand one. Thus, even assuming the plaintiffs to be correct in their contention that there was a waiver because of the failure to abide by R.R. 4:39-1, this court, in the exercise of the discretion reposed in it, has the power to relieve the defendants of the alleged failure to serve the jury demands within the time under R.R. 4:39-1. Clearly, this is not a case of inadvertence or oversight; the plaintiffs by their own course of conduct appear to have caused the confusion. It must be remembered that court rules are but mechanisms for attaining the ends of substantial justice and, therefore, the requirements of justice are more important than compliance with rules for mere sake of compliance. This liberality in procedure has limits, but they are not exceeded in the instant case.
The facts in this case afford a proper basis for the application of R.R. 1:27A. Even if this were not so, the previous discussion makes clear that the same factual basis would justify an enlargement of the time to file demands for jury on the ground of excusable neglect. R.R. 1:27B(a) (2).
The motion to strike the demand for jury trial is denied.