70 N.J. Super. 185 (1961)
175 A.2d 241
ALGERNON T. SWEENEY, PLAINTIFF-APPELLANT,
v.
JAMES VENEZIANO, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 30, 1961.
Decided November 3, 1961.
*187 Before Judges GOLDMANN, FOLEY and KILKENNY.
Mr. Kenneth F. Lay argued the cause for appellant.
*188 Mr. Seymour Margulies argued the cause for respondent (Mr. Abraham Carchman, attorney; Messrs. Levy, Lemken & Margulies, of counsel).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Initially, this was an appeal from an interlocutory order of the Law Division denying the motion of the original plaintiff, Algernon T. Sweeney, to strike defendant's demand for a jury trial. The original action was a simple one: Sweeney sued for a fee allegedly due for legal services rendered the partnership consisting of one Eisenstodt and defendant, who were engaged in the plumbing and heating business. He claimed he had been fraudulently induced to give up the proceeds of a federal district court judgment, thus losing his right to an attorney's lien. Defendant counterclaimed for the value of plumbing services performed at plaintiff's request.
Sweeney's reply in answer to the counterclaim was filed April 1, 1959. More than two months later, on June 11, defendant filed and served a demand for a jury trial. Sweeney promptly moved to strike this demand. His motion was denied and the appeal followed.
It is unnecessary for the purpose of this opinion to relate all the changes in pleadings and issues which have taken place since we gave leave to appeal from the denial of plaintiff's motion to strike defendant's demand for a jury trial. Defendant has twice moved before us to dismiss the appeal. These motions were denied without prejudice, and on the second occasion we remanded the matter to the Law Division in order that the pleadings might reflect Sweeney's death and the substitution of proper parties, as well as the present issues in the case. Defendant was given the right to demand a jury trial on the supplemental pleadings filed by the substituted plaintiff. The Law Division was directed to resolve all motions "relating to the technical legal propositions and questions pertaining to the amended or supplemental pleadings filed *189 by the plaintiff-appellant, including the right to jury trial, the problem of the status of the substituted plaintiff, the questions of mootness, survival of the cause of action, and the assignability of the cause of action set forth in the amended or supplemental pleadings." After determining these matters the Law Division was to pretry the action prior to returning the cause to this court.
The trial court, among other things, dismissed without prejudice defendant's motion to strike the supplemental complaint on the grounds set forth in his motion, and denied without prejudice plaintiff's motion to strike certain defenses raised in defendant's supplemental answer, as well as for judgment on the pleadings dismissing both counts of defendant's supplemental counterclaim. The trial court also dismissed by consent plaintiff's third cause of action, described as "based on tort and founded on alleged fraud on the part of the defendant."
Defendant seeks a full adjudication of the legal issues involved in the case, claiming that unless this is done now, the same issues can and probably will be disputed at the trial. Prior to oral argument we notified both sides that all of the legal issues would be heard and resolved on this appeal. The parties consented to this procedure.
We deal first with the interlocutory order which initiated this appeal  the order denying plaintiff's motion to strike defendant's jury demand. In the statement of proceedings settled and approved by the trial court several months after that order was entered, the court said:
"Counsel for the plaintiff, the moving party, argued that under R.R. 4:39-1 the demand for a jury trial had to be made not later than ten days after the service of the last pleading directed to the issue; that the ten day period provided in the rule was mandatory and that, absent a demand within the said ten day period, there was an automatic waiver of the right by virtue of R.R. 4:39-3.
Counsel for the defendant admitted that his demand for a jury trial was not made within the time set forth in R.R. 4:39-1; that the failure to make timely demand was due to his own neglect; that in preparing to answer plaintiff's interrogatories he referred to *190 the pleadings and then for the first time realized he had not demanded a jury trial.
The court found that defendant-counsel's failure to make timely demand for a jury trial constituted excusable neglect and in the interest of justice in accordance with R.R. 1:27A and 1:27B relaxed the application of R.R. 4:39-1 and 4:39-3, and denied the plaintiff's motion by order dated July 10, 1959."
Plaintiff's motion to strike the jury demand should have been granted. Defendant admitted that the demand had not been made within the ten-day period fixed by R.R. 4:39-1. R.R. 4:39-3 states that failure of a party to serve a timely demand "shall constitute a waiver by him of trial by jury." However, relief is available under R.R. 1:27B which provides that when an act is required or allowed to be done at or within a specified time, the trial court may "for cause shown" at any time in its discretion and upon motion, "permit the act to be done after the expiration of the specified period if the failure to act was the result of excusable neglect." In 5 Moore, Federal Practice, § 39.09, p. 715 et seq. (1951), the author notes that appellate courts have normally refused to interfere where a party requests relief from waiver of jury trial. The court's discretion should never be exercised unless there appears in the record a showing of the existence of some plausible circumstances that would justify relief. The court in Carolyn Schnurer, Inc. v. Stein, 29 N.J. 498, 503 (1959), quoted from Moore with approval, adopting his language that:
"* * * Counsel desirous of obtaining relief from waiver should be careful to spell out the basis or bases of his motion for relief, since it is settled today that the mere statement of `oversight' or `inadvertence' does not suffice to invoke the discretion of the court."
Since R.R. 4:39-1 and 3 are similar to Federal Rules 38(b) and 38(d) relating to demand for and waiver of jury trial, Moore's text and the federal cases cited by him are entirely apposite.
Here we have no more than counsel's admission of failure to make a seasonable demand "due to his own neglect." *191 This is not "excusable neglect" within R.R. 1:27B, the counterpart of Federal Rule 6(b). See Wilson & Co. v. Ward, 1 F.R.D. 691 (D.C.D.C. 1941); Williams v. Knox, 10 N.J. Super. 384, 388-9 (Law Div. 1950); cf. Vonella v. Northern Assurance Co., 61 N.J. Super. 348, 354 (Law Div. 1960).
Although the trial court should have granted plaintiff's motion to strike defendant's jury demand, the amended and supplemental proceedings raise at least one issue which will require the services of a jury to resolve a fact situation. Substituted plaintiff sues in her own right as assignee of her husband's claim, as well as executrix of his estate. Defendant's answer raises the defense of the statute of limitations. The jury will have to resolve whether the action was timely brought. By our last order we granted defendant permission to demand a jury on the supplemental pleadings. He did. The situation now is one where plaintiff's original cause of action would be tried by the trial judge and the supplemental issue tried before a jury. The rules were never intended to create such a situation. In the interests of justice and the expedition of litigation, the action should not be so divided, but a jury trial be held as to all issues. Accordingly, the entire action will be tried to a jury.
The statute of limitations is, of course, a valid defense unless it is waived under R.R. 4:12-8 by not being presented either by motion or in the answer. Defendant has raised the issue in the first separate defense of his answer, as did plaintiff in the first separate defense to the counterclaim. It cannot be said at this stage of the proceedings and in the light of the record that the complaint or the counterclaim was not brought within the period of limitations. These are factual issues to be determined by the jury at the trial.
Defendant argues that the assignment of the original plaintiff's claim to the substituted plaintiff is invalid, and this for a number of reasons. The first is that the assignment was not made for a valuable, proper and legal *192 consideration. However, the assignment is under seal, R.S. 1:1-2.1; Fidelity Union Trust Co. v. Fitzpatrick, 134 N.J.L. 250, 251-2 (E. & A. 1946). Under N.J.S. 2A:82-3 the seal is prima facie evidence of consideration, but in any action upon a sealed instrument a party may plead, by way of defense, fraud in the consideration, or want or failure of consideration. Neither fraud nor failure of consideration was pleaded affirmatively, so that defendant is precluded from raising these points under R.R. 4:12-8. There remains only want of consideration. But here the assignment was from a husband to his wife, and if there were no consideration other than love and affection, this would be sufficient to support the assignment. Actually, the assignment was made shortly before Sweeney's death, and was clearly a case of a gift to one who stood in the nearest and dearest relation to him. It follows that the defense of lack of consideration should be stricken.
Defendant next contends that the assignment is an invalid testamentary disposition. We have here an assignment to take effect immediately, and not at death. Whether it be considered an absolute gift, a gift causa mortis, or an assignment for consideration, the assignment would be valid. Accordingly, this defense is without merit.
Defendant also claims that the assignment was invalid in that it purports to assign all of Sweeney's right, title and interest in and to the litigation. The argument is that the suit was based upon a purely statutory foundation, N.J.S. 2A:13-6, and the right to recover was exclusive in Sweeney, the original plaintiff. N.J.S. 2A:13-6 provides that an attorney may maintain an action against his client to recover reasonable fees, charges or disbursements, provided he has first served the client or his legal representative with a copy of his bill. In Haberberger v. Myer, 4 N.J. 116, 160 (1950), it was pointed out that although originally an attorney was entitled to compensation only if there was an express contract providing therefor, the situation was changed by R.S. 2:20-8 (L. 1903, c. 247, as *193 amended by L. 1911, c. 199  the forerunner of N.J.S. 2A:13-6), and an express contract to pay a specific sum for services is no longer a condition prerequisite to recovery. The sole effect of the statute, therefore, was to do away with the necessity of an express contract before an attorney could sue for his compensation. In Stein v. Shaw, 6 N.J. 525, 528 (1951), the late Chief Justice Vanderbilt held that the mere fact that a lawyer had been disbarred could not prevent his recovering compensation for services rendered prior to his disbarment, adding
"* * * In our opinion the situation resulting here from the plaintiff's disbarment is not dissimilar to that when an attorney is incapacitated by reason of death, illness or insanity. In such case it has been uniformly held that because of his inability to perform the contract is discharged, but that the attorney may nevertheless recover in quasi contract for the reasonable value of the services rendered." (Italics ours)
Thus, defendant's argument that plaintiff is prosecuting a statutory right of action should be rejected.
Sweeney was suing in quasi-contract, and his cause of action, assigned to his widow, survived his death. Defendant's argument that the right of action abated at Sweeney's death is without merit; pleas in abatement are viewed with disfavor. 1 C.J.S., Abatement and Survival, § 3, p. 31 (1936). The defense now raised by defendant is not available to him.
Defendant's argument that the assignment "savors of champerty and maintenance and as such is violative of our public policy," is without merit. The law of champerty and maintenance does not apply in this State. Schomp v. Schenck, 40 N.J.L. 195 (Sup. Ct. 1878); Bouvier v. Baltimore & New York Ry. Co., 67 N.J.L. 281, 291-2 (E. & A. 1901); Hughes v. Eisner, 8 N.J. Super. 351, 352 (Ch. Div. 1950).
Another defense raised is that the cause of action concerns a partnership obligation  that of defendant and Eisenstodt, trading as L. Eisenstodt, Plumbing and Heating *194 Contractors. Such obligation, defendant alleges, "would be a joint obligation and the obligation of a partnership," so that Eisenstodt should have been joined as a necessary and indispensable party defendant  without him there is no proper cause of action against defendant. The defense is based on R.S. 42:1-15:
"All partners are liable:
a. Jointly and severally for everything chargeable to the partnership under sections 42:1-13 and 42:1-14 of this title.
b. Jointly for all other debts and obligations of the partnership; but any partner may enter into a separate obligation to perform a partnership contract." (Italics ours)
And R.R. 4:32-4 provides that "persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants," but, "[a]ll or any of the persons * * * liable severally or jointly and severally on a claim, may at the option of the plaintiff be joined as parties to the action."
Sweeney's claim for services represented legal services performed for the partnership. However, Eisenstodt assigned to defendant all of his "right, title and interest in and to the claim of the [partners]." This was the claim which Sweeney sought to recover for the partnership. By the express terms of the assignment from Eisenstodt to defendant, defendant agreed
"* * * to pay each and every and all expenses connected with this appeal, among others * * * the Attorney's fees, if any, and counsel fees, if any * * *. This includes all advances heretofore made by him during the course of the trial and also includes any future costs that he may have to pay. I [Eisenstodt] am to be freed from any cost whatsoever either past or future in connection with this case as I am assigning to him [defendant] all my right, title and interest of any kind therein."
In another instrument defendant had agreed, in consideration of the assignment of all of Eisenstodt's right, title and interest to the plumbing work claim, to pay all costs, past and future.
*195 It is clear from the assignment and the agreement just mentioned that defendant assumed the partnership's obligation to pay for plaintiff's legal services. He in fact entered into a "separate obligation to perform a partnership contract." R.S. 42:1-15. Sweeney not only knew of this assignment, but was the one who drew it. He was entitled to be compensated by defendant alone for all of the services rendered in collecting the partnership's claim for plumbing work.
In this connection, defendant urges that the agreement between the parties was not for the benefit of any third party, and points to the omission of Sweeney's name from the instrument.
"A contract in which the promisor engages to the promisee to render some performance to a third person is generally called a contract for the benefit of a third person with little regard to whether the purpose of the promisee in entering into the contract was his own benefit or the benefit of the person to whom performance was to be rendered." 2 Williston, Contracts (rev. ed. 1936), § 347, p. 1030.
The arrangement between Eisenstodt and defendant was clearly one which inured to Sweeney's benefit. He was the partners' lawyer, and the mere fact that his name was not specifically mentioned did not preclude him from basing his claim to compensation on the assignment and the agreement. 2 Williston, op. cit., § 378, p. 1096. In Whitehead v. Burgess, 61 N.J.L. 75 (Sup. Ct. 1897), defendant contracted to pay $750 to the owner of the foal by defendant's stallion that would first run a mile in 2.30. Plaintiff had bought one of the foals, and his was the first to run the distance within the specified time. The plaintiff was permitted to recover, although he was neither a party to nor named in the contract. Similarly here.
In summary: (1) the defenses relating to the validity of the assignment from Sweeney to his wife should be stricken as insufficient in law; (2) the defense that plaintiff had failed to join Eisenstodt as defendant should be stricken, as should the contention that plaintiff should have sued the *196 partnership itself; and (3) a jury trial should be held as to all remaining issues.
The case is remanded for trial in accordance with the above conclusions.