283 N.J. Super. 431 (1995)
662 A.2d 572
IN THE MATTER OF THE ESTATE OF DONALD TRAVARELLI.
MARYBETH TRAVARELLI, PETITIONER-APPELLANT,
v.
MARESSA, GOLDSTEIN, BIRSNER, PATTERSON, DRINKWATER & ODDO, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 6, 1995.
Decided August 7, 1995.
*433 Before Judges MICHELS, STERN and HUMPHREYS.
Edward S. Wardell argued the cause for petitioner-appellant MaryBeth Travarelli (Kelly, Wardell & Craig, attorneys; Mr. Wardell, of counsel and on the brief).
Benjamin Goldstein argued the cause for respondent Maressa, Goldstein, Birsner, Patterson, Drinkwater & Oddo, attorneys, pro se (Mr. Goldstein, of counsel and on the brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
Petitioner MaryBeth Travarelli appeals from: (1) an order of the Chancery Division denying her motion for the return or refund of attorney fees paid to respondent Maressa, Goldstein, Birsner, Patterson, Drinkwater & Oddo (the Maressa law firm) in connection with the wrongful death of her husband, Donald Travarelli (decedent), and (2) an order denying her motion for reconsideration.
Petitioner is the widow of decedent, who died on November 12, 1989, while on a hunting and fishing trip in Alaska. Shortly after her husband's death, petitioner retained the Maressa law firm to represent her in a wrongful death action. Pursuant to the contingent fee agreement executed by petitioner on behalf of decedent, the Maressa law firm agreed to represent petitioner in a wrongful death action against Paul Reynolds, a trip guide, and others believed to be responsible for decedent's death. Decedent was also survived by his four children. In his will, he named Patricia Travarelli, his former wife and mother of the four children, as the executrix of his estate. Patricia Travarelli retained Jon C. Sirlin *434 & Associates (the Sirlin law firm) to pursue a wrongful death claim against Reynolds and others believed to be responsible for decedent's death.
Although the record is not entirely clear, it appears that after petitioner signed the contingent fee agreement, the Maressa law firm investigated the wrongful death claim, negotiated with the Northland Insurance Company, which insured Reynolds, and obtained a $10,000 advance. Thereafter, Patricia Travarelli notified the Maressa law firm that she was also pursuing a wrongful death claim on behalf of decedent's estate and had negotiated a full settlement of the claim for $592,000. On July 26, 1990, because petitioner and Patricia Travarelli were both asserting claims on behalf of decedent's estate, the trial court ordered petitioner to show cause as to why: (1) Patricia Travarelli, as personal representative of the estate, should not accept the proceeds of the $592,000 settlement being offered by Northland Insurance Company (representing all but $8,000 of the available coverage), with said funds to be deposited in court or into an escrow account, and (2) petitioner should not be temporarily and permanently enjoined from initiating a proceeding in Alaska to become special administrator. Following argument, the trial court ordered that Patricia Travarelli be the sole person, as executrix and pursuant to her fiduciary responsibilities, to accept or reject the offer of $592,000 on behalf of decedent's estate, and permanently enjoined petitioner from initiating a proceeding to become special administrator or otherwise interfering with the acceptance of the settlement. This order was not appealed.
Patricia Travarelli accepted the $592,000 in settlement of the wrongful death claim. On September 28, 1990, the trial court approved the allocation of the proceeds of the settlement. After deducting the $140,000 contingent fee paid to the Sirlin law firm based on the $592,000 settlement, the trial court approved the following allocation of the $452,000 net proceeds of the settlement which was negotiated with petitioner:

*435 a. The sum of Two Hundred Seven Thousand ($207,000) Dollars, plus a pro rata share of accrued interest be disbursed to MaryBeth Travarelli, the widow of the late Donald Travarelli.
b. The sum of Sixty-One Thousand Two Hundred Fifty ($61,250) Dollars, plus a pro rata share of accrued interest to be disbursed to Carlo Travarelli, the minor son of the late Donald Travarelli.
c. The sum of Sixty-One Thousand Two Hundred Fifty ($61,250) Dollars, plus a pro rata share of accrued interest to be disbursed to Angela Karanzalis, the daughter of the late Donald Travarelli.
d. The sum of Sixty-One Thousand Two Hundred Fifty ($61,250) Dollars, plus a pro rata share of accrued interest to be disbursed to Maria Travarelli, the daughter of the late Donald Travarelli.
e. The sum of Sixty-One Thousand Two Hundred Fifty ($61,250) Dollars, plus a pro rata share of accrued interest to be disbursed to Donna Travarelli, the daughter of the late Donald Travarelli.
In addition to the $140,000 paid to the Sirlin law firm, the Maressa law firm charged petitioner a fee of $51,634.06, an amount which represented 25% of her $207,000 allocated share of the settlement. Thus, the total fees paid to the Sirlin and Maressa law firms from the $592,000 settlement of the wrongful death claim were $191,634.06. Petitioner, in addition to paying her pro rata share of the fee paid to the Sirlin law firm of approximately $63,000, paid $51,634.06 to the Maressa law firm or, in effect, paid fees totaling $114,634.06.
Petitioner moved for the return or the refund of the fees paid to the Maressa law firm. She claimed that the fees paid exceeded the maximum authorized by R. 1:21-7(c). The trial court denied the motion, reasoning in part that the $140,000 fee collected by the Sirlin law firm for providing legal representation in the wrongful death claim was "the only fee that may be said to have been charged for the wrongful death recovery...." However, because the fee charged by the Maressa law firm "was grounded on a separate approach, that is, the dispute among the several individuals claiming an interest in the recovery," the Maressa law firm was not bound by the limitations of R. 1:21-7(c). The trial court denied petitioner's motion for reconsideration based on her claim that there was no existing contingent fee agreement between her and the Maressa law firm for any matter other than the wrongful *436 death claim, observing that "[i]t is not the form of the agreement that controls; it is the nature of the legal services that is of consequence." Petitioner appealed.
Petitioner seeks a reversal of the orders and the return or refund of the fees paid the Maressa law firm, contending that the trial court erred as a matter of law by allowing: (1) the total contingent fees paid to exceed the amount authorized by R. 1:21-7(c), and (2) a contingent fee in the absence of a contingent fee agreement covering the subject matter of the dispute.
We are satisfied that the trial court erred by not ordering the Maressa law firm to return the $51,634.06 contingent fee paid by petitioner, less the reasonable value of the services it rendered to her in connection with the allocation proceedings, plus interest. We hold that when the trial court ordered that Patricia Travarelli, as the executrix of decedent's estate, be the sole person with the authority and responsibility to pursue the wrongful death claim on behalf of decedent's estate and accept or reject the settlement offer, and permanently enjoined petitioner from initiating a proceeding to become special administrator or otherwise interfering with the acceptance of the settlement, the contingent fee agreement signed by petitioner was no longer valid, operative, or effective. Cf. Dinter v. Sears, Roebuck & Co., 278 N.J. Super. 521, 651 A.2d 1033 (App.Div. 1995). After the order, the Maressa law firm could not pursue a wrongful death claim against Reynolds or others on behalf of petitioner or decedent's estate. Moreover, the Maressa law firm could not charge petitioner or decedent's estate a contingent fee for its legal representation in connection with the wrongful death claim. Finally, the Maressa law firm could not rely on the contingent fee agreement to charge petitioner for the legal services it rendered to her in connection with the allocation proceedings.
The Maressa law firm should have entered into a new fee agreement with petitioner with respect to the allocation proceedings. The Maressa law firm failed to do so and failed to advise petitioner of her rights or afford petitioner the opportunity to *437 retain the firm in connection with the allocation proceedings on an agreed upon fee or on the basis of the reasonable value of its services. See R. 1:21-7(b). In addition, the Rules of Professional Conduct and the Rules of General Application require that a contingent fee agreement for a particular type of representation be reduced to writing:
Where the lawyer has not regularly represented the client, the basis or rate of the fee shall be communicated in writing to the client before or within a reasonable time after commencing the representation. RPC 1.5(b).
A fee may be made contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by law or by these rules. A contingent fee shall be in writing.... RPC 1.5(c).
* * * * * * * *
As used in this rule[,] the term "contingent fee arrangement" means an agreement for legal services of an attorney or attorneys ... under which compensation, contingent in whole or in part upon the successful accomplishment or disposition of the subject matter of the agreement, is to be in an amount which either is fixed or is to be determined under a formula. R. 1:21-7(a).
Recently, in DeGraaff v. Fusco, 282 N.J. Super. 315, 319, 660 A.2d 9 (App.Div. 1995), we emphasized the importance of reducing fee agreements to writing, stating that under RPC 1.5(b), an attorney who had not regularly represented the client "was obligated to communicate the basis or rate of his fee in writing to the plaintiff." The purpose of this rule was to "have the client fully informed as to the terms of the hiring and know without question his or her financial responsibility as well as to prevent an attorney from overcharging...." Id. at 320, 660 A.2d 9. Furthermore, we held that under the Statute of Frauds, N.J.S.A. 25:1-5b, the attorney could not recover a fee for work done for another without a written agreement, even if the plaintiff had orally agreed to pay it. Id. at 322, 660 A.2d 9.
Here, as in DeGraaff, the Maressa law firm never reduced any contingent fee agreement with petitioner concerning the allocation proceedings to writing. This omission contravenes the explicit requirements of RPC 1.5(b) and RPC 1.5(c). Contrary to the Maressa law firm's contention, a change in the nature of the representation necessitated an amended contingent fee agreement. *438 R. 1:21-7(a) implicitly requires that the type of representation be stated with specificity. The contingent fee agreement signed by petitioner concerned the wrongful death claim, not the allocation proceedings. Even if the trial court's July 26, 1990 order did not expressly terminate the contingent fee agreement, the agreement's terms nevertheless precluded the Maressa law firm from relying on it to charge a contingent fee in connection with the allocation proceedings. The Maressa law firm could not unilaterally modify the contingent fee agreement in order to charge petitioner a contingent fee in connection with a different matter. Consequently, the trial court erred in allowing the Maressa law firm to retain the $51,634.06 contingent fee paid by petitioner in connection with the allocation proceedings.
Even if we were to find that the contingent fee agreement was valid, operative, or effective, the $51,634.06 contingent fee paid to the Maressa law firm cannot stand. The Sirlin law firm received a contingent fee of $140,000 based on the $592,000 settlement of the wrongful death claim. The Maressa law firm then charged an additional $51,634.06 contingent fee based on petitioner's allocated share of that settlement. The contingent fees charged by the two law firms totaled $191,634.06 and, thus, exceeded the limits allowed for contingent fees by R. 1:21-7(c). This rule provides in pertinent part:
(c) In any matter where a client's claim for damages is based upon the alleged tortious conduct of another, including products liability claims, and the client is not a subrogee, an attorney shall not contract for, charge, or collect a contingent fee in excess of the following limited:
(1) 33 1/3% on the first $250,000 recovered;
(2) 25% on the next $250,000 recovered;
(3) 20% on the next $500,000 recovered.
Under the contingent fee rules, there is a limit on the amount of any contingent fee that may be payable on the aggregate recovery in any tort action, including a wrongful death action. Thus, when the $51,634.06 contingent fee paid to the Maressa law firm is added to the $140,000 fee paid to the Sirlin law firm, the total contingent fees charged exceed the limit established by R. 1:21-7(c). *439 In this regard, we deem it appropriate to repeat what Judge Meanor explained in discussing the allowance of attorneys fees in wrongful death actions in McMullen v. Maryland Cas. Co., 127 N.J. Super. 231, 238-39, 317 A.2d 75 (App.Div. 1974), aff'd sub nom., McMullen v. Conforti & Eisele, 67 N.J. 416, 341 A.2d 334 (1975):
Under our Death Act, in cases of intestacy an action for damages arising out of a wrongful death may be brought only by an administrator ad pros. specially appointed for that purpose. N.J.S.A. 2A:31-2. If the decedent dies testate, his executor may bring the action. In cases of intestacy payment is always to the general administrator of the estate, never to the administrator ad pros. N.J.S.A. 2A:31-6. No matter who brings the action, recovery is effectuated in one lump sum representing past and future economic loss to the class of beneficiaries entitled to share in the proceeds of the action. This class consists of "the persons entitled to take any intestate personal property of the decedent." N.J.S.A. 2A:31-4. The statute goes on to provide that if any members of the class were dependent upon decedent, they shall take to the exclusion of any non-dependent members of the class.
Once the lump-sum recovery is obtained, whether by way of settlement or judgment, the trial court must hold a hearing without a jury in order to apportion the fund equitably among the members of the class entitled to share in it. N.J.S.A. 2A:31-4. See Jurman v. Samuel Braen, Inc., 47 N.J. 586, 598, [222 A.2d 78] (1966), and Suarez v. Berg, 117 N.J. Super. 456, 285 A.2d 68 (App.Div. 1971).
The settlement here was apportioned among plaintiff and her children pursuant to N.J.S.A. 2A:31-4. The argument is advanced that each distributive share represents a separate recovery and that the fee schedule should be applied to each fund after its division among the beneficiaries. We reject the contention. The rule assesses a sliding scale fee based on varying percentages of the amount "recovered." There were no separate recoveries for each beneficiary and cannot be. The beneficiaries have no right to sue individually to recover their respective losses. All that our statute permits is a lump-sum recovery by one suing in a representative capacity, the sum later to be divided equitably among those entitled to benefit from it. Since under our Death Act there can be only one "recovery," the fee schedule is to be applied to the total amount received, no matter how many beneficiaries are entitled to share in it, and not to the amounts of the various shares after distribution is determined.
In light of these settled principles, we hold that the trial court erred by finding that the fee charged by the Maressa law firm was not to be added to the fee paid the Sirlin law firm in calculating the total contingent fee permitted by R. 1:21-7(c). The Maressa law firm cannot charge a separate contingent fee by fractionalizing petitioner's share of the total settlement. No matter how one *440 views the settlement of the wrongful death claim, there was only one claim and there was only one recovery for that claim on which to base a contingent fee. The $51,634.06 contingent fee paid to the Maressa law firm was improper and must be returned to petitioner.
However, while the Maressa law firm is not entitled to retain the $51,634.06 contingent fee it charged petitioner for the allocation proceedings, it is entitled to the reasonable value of the legal services it provided petitioner in connection with those proceedings. See Stein v. Shaw, 6 N.J. 525, 528, 79 A.2d 310 (1951); Sweeney v. Veneziano, 70 N.J. Super. 185, 193, 175 A.2d 241 (App.Div. 1961). This matter, therefore, must be remanded to the trial court to determine the reasonable value of the legal services rendered to petitioner solely in connection with the allocation proceedings.
Accordingly, the order denying petitioner's motion for the return or refund of attorney fees paid to the Maressa law firm and the order denying her motion for reconsideration are reversed. The Maressa law firm is obligated to return the $51,634.06 to petitioner, less the reasonable value of the legal services rendered with respect to the allocation proceedings, plus interest. The matter is remanded to the trial court to determine the reasonable value of the services rendered solely with respect to the allocation proceedings. However, petitioner, at her option, may arbitrate the fee dispute before a District Fee Arbitration Committee pursuant to the provisions of R. 1:20A-3. We do not retain jurisdiction.